## Commonwealth v. Bell

*Joseph J. Liberati*, for Commonwealth.

*J. Frank Kelker*, for Borough of Rochester.

*Arthur S. Herskovitz*, for defendant.

ROWLEY, J., July 12, 1966.—This matter is before the court on appeal from summary conviction of defendant by a justice of the peace for violation of subsection (d), section 903, article 9 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §903 (d), as amended.

From the record we make the following:

### FINDINGS OF FACT

1. Defendant, Carlos (n) Bell, on August 28, 1965, operated a five-axle combination tractor-trailer on Brighton Avenue in the Borough of Rochester, Beaver County, Pa.

2. Defendant's vehicle was observed in movement by Officer Ralph E. Thompson of the Rochester Borough Police Department.

3. At the direction of Officer Thompson, defendant drove his vehicle to the Valley Terminal scales in Rochester, Pa.

4. Officer Thompson weighed defendant's vehicle and found the same to weigh 82,200 pounds.

5. The weight of defendant's vehicle and load was 11,055 pounds in excess of the weight allowed under the statute.

6. Defendant was taken before Justice of the Peace Joseph E. Goehman, of the Borough of Rochester, and charged with violating section 903 (d) of The Vehicle Code.

7. The justice of the peace found that defendant's vehicle and load exceeded the maximum weight limitation prescribed by section 903 (d) of The Vehicle Code by 11,055 pounds, and levied a fine of $2,100 and costs in the amount of $5 upon defendant.

## DISCUSSION

At the hearing, two police officers testified that defendant had admitted to them that he was overloaded. Defendant, in his own testimony, admitted making such statement. Defendant also testified that when the police officer told him he could have the vehicle and load weighed on another scale, he told them there was no use because he was overloaded. Moreover, defendant testified at the hearing that he was familiar with the load requirements in Pennsylvania at the time of his violation. Defendant's only statement which was in any way contradictory to that of the Commonwealth's evidence was that he "thought that the scales weighed his vehicle and load about twelve to fifteen hundred pounds heavy". He further testified that his estimate was based upon his past experience from driving trucks. The Commonwealth was not obliged to prove the accuracy of the scales. The weighing officer's testimony and certificate of weight is prima facie evidence of the overload: Commonwealth v. Thurmond, 27 D. & C. 2d 470 (Delaware County, 1962). Defendant had the burden of proving that the scales were inaccurate if he desired to do so. His opinion based on prior driving experience does not meet that burden.

Therefore, we make the following:

## CONCLUSIONS OF LAW

1. The tractor and trailer combination driven by defendant on the highways of the Borough of Rochester, Beaver County, Pa., was a five-axle vehicle and subject to the provisions of section 903 (d) of The Vehicle Code,

75 PS §903(d), which limited the gross weight of the combined equipment to 71,145 pounds.

2. The equipment operated by defendant exceeded the legal weight limit by 11,055 pounds.

3. The Commonwealth met its burden when the arresting officer testified that he weighed defendant's tractor, trailer and load upon the scale and found the total weight to be 82,200 pounds.

Therefore, we made the following:

ORDER

And now, July 12, 1966, it is ordered and decreed that the appeal of Carlos(n) Bell be and the same is hereby dismissed; said Carlos(n) Bell is found guilty and is hereby sentenced to pay a fine of $2,100 and costs of prosecution.