Commonwealth, Appellant, *v.* Caporiccio.

Argued March 21, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*P. H. Wilson,* Assistant District Attorney, with him *Henry T. Crocker* and *Richard A. Devlin,* Assistant District Attorneys, and *Richard S. Lowe,* District Attorney, for Commonwealth, appellant.

*Judah I. Labovitz,* for appellee.

OPINION BY WATKINS, J., June 16, 1967:

This is an appeal by the Commonwealth from the decision of the Court of Quarter Sessions of the Peace of Montgomery County sustaining a demurrer to the evidence upon appeal from a summary conviction under The Vehicle Code, 1959, April 29, P. L. 58, §101 et seq. as amended, specifically §903, 75 PS §903.

At 9:50 on the evening of April 18, 1966, an officer of the Upper Merion Township Police Dept., in full uniform, observed a tractor-trailer being operated on Goddard Blvd., at its intersection with Pulaski Drive. The officer noted that the tires were low, that the truck did not bounce when it went over a dip in the road and that "the springs were flat down". He was an experienced officer having supervised weighing of several hundred overweight trucks and it was his belief that the vehicle was over the permissible weight.

The vehicle was stopped and directed to follow the officer to the scales of Louderbach North American Van Lines, a distance of 1.2 miles. After weighing the vehicle on the company scales it was found to be 5900 pounds overweight. The defendant was charged before a Justice of the Peace with violating §903(d) of The Vehicle Code. A plea of guilty was entered and the required fine of $440 plus $5 in costs was levied and paid.

On April 28, 1966, the defendant filed a petition for leave to appeal the summary conviction. The Commonwealth filed a motion to quash for disregard of local rules of court but the court below dismissed the motion to quash and permitted the appeal. A hearing de novo was held before President Judge DAVID E. GROSHENS, of the court below, on November 18th. After the presentation of the Commonwealth's case the court below sustained the demurrer to the evidence by the defendant on the ground that the Commonwealth had not sustained its burden of proof in failing to produce competent evidence of the accuracy of the scale upon which the truck was weighed.

The Commonwealth contends that the argument by the defendant that the police officer did not have reasonable cause to believe the weight of the vehicle in question was unlawful is without merit. We agree, although we also believe, that this contention was not the basis of the court's determination of the demurrer. The case of *Com. v. One 1958 Plymouth Sedan*, 418 Pa. 457, 211 A. 2d 536 (1965), is one of unlawful search and seizure and, of course, the officer's observation that an automobile is heavily loaded would not create reasonable cause to believe that the weight of the vehicle was due to contraband.

In the instant case the police officer, under The Vehicle Code, does not have to guess the contents of a truck, in fact, the contents are immaterial, it is the weight of the cargo regardless of what it is, that concerns the investigation. It is the police officer's duty, under The Vehicle Code, based on his experience in truck weights, to make an estimate, and if the physical facts are such, as in this case, to indicate that the weight is beyond the permissible limits, the truck must be weighed to ascertain if the truck is, in fact, in violation of the law. Otherwise, the weight provisions of The Vehicle Code would be unenforceable.

The Commonwealth further contends that the court was in error in granting the demurrer on the ground that the Commonwealth failed in its burden of proof of the accuracy of the scale and the competency of the police officer to weigh the vehicle.

Section 904 of The Vehicle Code, supra, provides: "Any peace officer who shall be in uniform, and shall exhibit his badge or other sign of authority, having reason to believe that the gross weight of a vehicle . . . is unlawful, is authorized to weigh the same, by means of either a portable or stationary scales, or may require that such vehicle. . . be driven to the nearest stationary scales in the event such scales are within a distance of two (2) miles." The Act also provides for a three percent tolerance but is silent as to any requirement for proof of accuracy of the scales.

The Commonwealth in this case did prove that the police officer was in uniform; that he disclosed his authority to the defendant; that he was an experienced officer, who had weighed hundreds of trucks; that the scales in question were less than two (2) miles from the place of arrest; that he had weighed the truck on a licensed scale owned by the Louderbach North American Van Lines; that on the face of the scale were three (3) inspection stamps; that these stamps indicated that the scales had been inspected by the Bureau of Standards, Weights & Measures of Montgomery County and by the Howe Richardson Scale Company, the manufacturer of the scale, as late as February 7, 1966.

Several of our lower courts have discussed the identical problem at length. *Commonwealth v. Bell*, 40 Pa. D. & C. 2d 433 (1966) ; *Commonwealth v. Olshefski*, 64 Pa. D. & C. 343 (1948) ; and *Commonwealth v. Thurmond*, 27 Pa. D. & C. 2d 470 (1962).

The *Olshefski* case held that it is not required that the truck be weighed by a licensed weighmaster and

that the legislature authorized the police officer in uniform to weigh the truck.

The *Bell* case concluded that the weighmaster's testimony and certificate of weight is prima facie evidence of the overload and that The Vehicle Code had made the officer a weighmaster.

In the *Thurmond* case, supra, Judge DIGGINS discussed the problem in detail. He said at page 476: "The weighing of this vehicle and load by the police officer was an official act or duty and under the law in Pennsylvania. 'Official acts or duties are, in the absence of evidence to the contrary, presumed to have been properly performed; . . .'" In *Tremont Township School District Appeal*, 366 Pa. 404, 409, 77 A. 2d 403, 406 (1951), the Supreme Court said: "There is, moreover, a 'presumption that official acts or duties have been properly performed . . .'"

Again in the *Thurmond* case, supra, at page 477, the Court said: "In the present case, the weighmaster, under section 904, is the peace officer. We do not hold that his finding is entitled to conclusive weight, but we do hold that when uncontradicted, it is entitled to weight. Defendant here contends that under such circumstances, it is entitled to no weight whatever."

The Vehicle Code provides for four measuring devices: radar, speedometers, stop watches and scales. The Code carefully provides that radar equipment must be periodically checked and proof thereof introduced in the Commonwealth's case. The same is true of speedometers. The legislature did not see fit to make these elaborate provisions apply to stop watches used on measured courses nor is there a statutory requirement of proof of the accuracy of scales.

In *Com. v. Kubelius*, 209 Pa. Superior Ct. 535, 232 A. 2d 39 (1967), this Court held that in proof of radar signs, oral testimony by the police officer, establishing the existence of such signs is competent and the credi-

bility of such testimony is for the trial judge. The defendant contended that the only way to establish that the signs were erected in accordance with the law was by the offer of a certificate signed by the proper authority. This Court held that: "The only requirement is that the Commonwealth must prove '(iii) official warning signs have been erected on the highway by the proper authority indicating that radar is in operation.' . . . In the present case there was the oral testimony of the trooper that signs bearing the legend 'Radar Enforced' were posted in the area and that they were regulation, official signs and such testimony was not contradicted." This Court held that the Commonwealth had sustained its burden of proof.

We agree that the Commonwealth presented sufficient competent evidence to sustain its burden of proof of overweight. The order sustaining the demurrer to the evidence is reversed with a procedendo.

JACOBS and HOFFMAN, JJ., dissent.