KREIDER, P. J.,
— Defendant has appealed to this court from a summary conviction. He was charged with operating a truck-trailer combination which was 17,700 pounds overweight in vio *680 lation of section 903 of The Vehicle Code of Pennsylvania, as amended by the Act of March 3, 1970, P. L. 88, 75 PS §903. After a hearing before a district justice of the peace, he was found guilty and a fine of $1750 and $5 costs were imposed. Thereafter he appealed pursuant to section 3 of the Minor Judiciary Court Appeals Act of December 2, 1968 (No. 355), 42 PS §3003.
Defendant’s counsel on the day before the hearing in this court filed a praecipe for non pros, with the clerk of courts averring that as counsel he had not been served with a copy of the transcript as required by section 3(d) of the said act, which provides:
“The issuing authority shall within twenty days after service upon him of a notice of appeal file with the officer of the court his transcript of proceedings, the amount of fines and costs and bail received in said case, if any, the summons or warrant issued by him, the original copy of the complaint and the bail undertaking executed by the defendant, if any; he shall also serve, personally or by certified mail a copy of his transcript upon the attorney for the defendant, or if none, upon the defendant.”
Under the circumstances, the clerk of courts properly declined to act upon the praecipe for non pros. Defendant’s counsel contends that the failure to serve him with a copy of the transcript is fatal to the proceedings. Although there is some authority in support of his position (Commonwealth v. Fenstermaker, 47 D. & C. 2d 34, Northampton (1969)), we incline to the contrary view adopted by the Common Pleas Court of Adams County in Commonwealth v. Leffler, 50 D. & C. 2d 109 (1970). There, in considering a similar factual situation, President Judge MacPhail stated:
*681 . .' . A judgment of non pros, may be entered by the clerk only when the issuing authority fails to file within 20 days, his transcript, etc. Section 3(e) makes no provision for sanctions against the Commonwealth if the issuing authority fails to serve the lawyer with a copy of the transcript. Whether the oversight was intentional or not, we do not know, but it is for the legislature to remedy.
. . . Significantly, section 3(f) provides that when the transcript and other papers of the proceeding have been filed, the case shall be heard de novo by the court of common pleas.”
In the present case, counsel for defendant also has alleged various technical and procedural irregularities. Although defendant took the stand at the hearing in this court, there was no attempt to substantiate any of these matters. In any event, it must be borne in mind that he took an appeal and did not petition for a writ of certiorari. It is well-settled law that where a defendant takes an appeal, he waives all technical errors in the proceedings before the justice of the peace which do not involve jurisdiction. There is no question raised in this case as to the proper jurisdiction of the justice of the peace. The violation occurred in Lower Swatara Township and the district justice of the peace clearly had jurisdiction of the person and the subject matter.
In Commonwealth v. Conn, 183 Pa. Superior Ct. 144 (1957), Judge Hirt, in speaking for the Superior Court, stated:
“ ‘ “ ... the defendant having proceeded by appeal must be presumed to have waived all mere technical errors in the proceedings of the justice, which did not go to the jurisdiction of that officer.” ’ ” See also Commonwealth v. O’Donnell, 65 Dauph. 8 (1953).
In his brief, defendant’s counsel avers that the *682 failure of the officer to introduce a certificate of weight is fatal to the Commonwealth’s case. We disagree. Section 904 of The Vehicle Code, 75 PS §904, authorizes a police officer to weigh a truck. It provides:
"‘Any peace officer who shall be in uniform, and shall exhibit his badge or other sign of authority, having reason to believe that the gross weight of a vehicle or combination of vehicles or a tractor or the weight upon any axle or pair of axles thereof is unlawful, is authorized to weigh the same, either by means of portable or stationary scales, or . . .”
Here, the police officer in question personally weighed the vehicle on the township’s scales and invited defendant to observe the scales and the weight.
In Commonwealth v. Caporiccio, 210 Pa. Superior Ct. 230 (1967), the Superior Court, in an opinion written by Judge Watkins, cited with approval Commonwealth v. Thurmond, 27 Pa. D. & C. 2d 470 (1962). There, Judge Diggins, speaking for the Delaware County court said, at pages 476-77:
“The weighing of this vehicle and load by the police officer was an official act or duty and under the law in Pennsylvania "Official acts or duties are, in the absence of evidence to the contrary, presumed to have been properly performed; . . . ’
“ . . . "In the present case, the weighmaster, under section 904, is the peace officer. We do not hold that his finding is entitled to conclusive weight, but we do hold that when uncontradicted, it is entitled to weight . . . ’ ”
The oral testimony by the police officer being uncontradicted was sufficient to sustain the Commonwealth’s burden of proof of overweight and no weight certificate was required.
In Commonwealth v. Kubelius, 209 Pa. Superior Ct. 535 (1967), it was held that oral testimony by the *683 police officer establishing the existence of radar signs was competent and the credibility of such testimony was for the trial judge. The court rejected defendant’s contention that the only way to establish that the signs were in accordance with the law was by the offer of a certificate signed by the proper authority.
ORDER
And now, May 17, 1971, the action of the clerk of courts in refusing to enter a judgment of non pros, is affirmed. The court finds defendant guilty as charged of operating a truck-trailer combination upon a public highway, with a gross weight exceeding the maximum gross weight allowed therefor, in violation of section 903 of The Vehicle Code.
Defendant is directed to pay a fine of $1,750 and the costs of prosecution before Thursday, June 3,1971. Failing so to do, he shall appear in court on that date at 10 a.m., for the imposition of sentence.