## Commonwealth v. Penn

*Rodney Henry*, for Commonwealth.
*Samuel Litzenberger*, for defendant.

GARB, *J.*, February 5, 1975—As a result of the issuance of a citation therefor, defendant was convicted before a district justice of the peace of this county for violation of the overweight provisions of The Vehicle Code as contained in section 13 of the Act of March 3, 1970, P.L. 88 (No. 39), as amended, 75 P.S. §903. As a result of an appeal therefrom, a hearing was held before the undersigned de novo as a result of which the appeal was denied and a finding of guilt made. Defendant has appealed from that verdict to the Superior Court, thus necessitating this opinion.

Prior to the hearing de novo, defendant filed a timely motion to suppress the evidence of the weight of the tractor-trailer he was operating at the time of the issuance of the citation. Essentially, he argues that there was insufficient probable cause to justify the officer in stopping defendant in the operation of his motor vehicle and in requiring the weighing thereof. After a suppression hearing thereon, the motion to suppress was denied and the evidence of the weight of the vehicle was admitted in evidence at the hearing.

Section 1 of the Act of August 27, 1965, P.L. 418, 75 P.S. §904(a) provides, in relevant part, as follows:

"Any peace officer who shall be in uniform, and shall exhibit his badge or other sign of authority, having reason to believe that the gross weight of a vehicle or a combination of vehicles or a tractor or the weight upon any axle or pair of axles thereof is unlawful, is authorized to weigh the same, either

by means of a portable or stationary scale, or may require that such vehicle or combination of vehicles or tractor be driven to the nearest stationary scale in the event such scale is within a distance of two (2) miles."

It is conceded that the arresting officer was a peace officer in uniform and exhibiting his badge of authority in a prominent place upon his uniform. The basis of the motion to suppress is upon the question of whether the officer had reason to believe that the gross weight of the vehicle was unlawful at the time he stopped it and caused it to be weighed. Although we do not decide whether there is a constitutional requirement that the officer have probable cause to believe that a violation of The Vehicle Code is being committed before he may stop a motor vehicle on the highways of this Commonwealth for the purpose of inspection, where probable cause is considered in terms in which it has been defined for the purpose of securing a search warrant or making a search or arrest without a warrant, it has been held in Commonwealth v. Swanger, 453 Pa. 107, 307 A. 2d 875 (1973) that before a police officer may stop a single vehicle to determine whether or not the vehicle is being operated in compliance with The Vehicle Code, he must have probable cause based on specific facts which indicate to him either the vehicle or the driver is in violation of the code. The Act of Assembly, as previously quoted, provides that the officer shall have reason to believe the gross weight to be unlawful and that, at the very least, is required: Commonwealth v. Caporiccio, 210 Pa. Superior Ct. 230, 232 A. 2d 42 (1967).

Here, the police officer testified that he observed the tractor-trailer in question on Route 309 im-

mediately after it had passed an intersection controlled by a traffic light, that there was a high pitch roar or straining sound of the engine and that the load on the tractor was comprised of scrap metal piled high above the sides of the trailer. The officer testified that he had been involved in other overweight prosecutions in the past and, from his experience, the straining engine and the load caused him to form the opinion that the vehicle was overloaded. Even if the constitutional standard is required, we are satisfied that the officer had sufficient facts available to him from his own observation to lead a man of reasonable caution to believe that the crime in question was being committed. See Commonwealth v. Milliken, 450 Pa. 310, 300 A. 2d 78 (1973); Commonwealth v. Hicks, 434 Pa. 153 (1969), and Commonwealth v. Altizer, 213 Pa. Superior Ct. 201, 245 A. 2d 692 (1968). The officer's observation of the nature and size of the load, taken together with a sound of strain eminating from the engine as applied against the backdrop of the officer's prior experience with overweight vehicles, constitutes sufficient facts to meet the test of Commonwealth v. Caporiccio, supra. See also Commonwealth v. Blough, 24 Camb. 106 (1962).

Defendant does not contest the manner in which the weighing of the vehicle was effected, the recordation of the weight upon the scale used or the computation of the fine. Therefore, the only other assertion of error which we can perceive in this record is our exclusion from evidence of some of the testimony of one Roy Buchanan, offered by defendant. Mr. Buchanan testified that he was employed as a supervisor by the Bureau of Standards, Weights and Measures of the Commonwealth of Pennsylvania in some capacity having to do with

scales, meters, gas, petroleum trucks. Defendant made an offer of proof in which he stated that he intended to elicit from Mr. Buchanan the fact that he had personal knowledge of the Bucks County Department of Weights and Measures and that that agency never had any testing equipment or commercial weighing devices properly to test the scale used in this case for accuracy. He further offered to identify and submit into evidence a certain N.D.S. Handbook No. 44, 4th edition, specifications and tolerances and other technical requirements for commercial weighing and measuring devices, to establish that they had been promulgated by the Commonwealth Department of Weights and Measures and are in full force and effect. He further offered to prove that Bucks County did not have the type of equipment set forth in the foregoing handbook to weigh this truck and measure this scale for accuracy in order to place a seal to that effect upon the scale.

Although the Commonwealth does not have the burden of proving the accuracy of the scales in question, Commonwealth v. Caporiccio, supra; Commonwealth v. Schreiber, 52 D. & C. 2d 679 (1971); Commonwealth v. Kessler, 49 D. & C. 2d 693 (1970), and Commonwealth v. Thurmond, 27 D. & C. 2d 470 (1962), it would, of course, be relevant for defendant to prove that the scale in question was not accurate. The difficulty with defendant's offer of proof was that he did not purport to prove that this scale was inaccurate but only that the Bucks County Department of Weights and Measures did not have what he considered to be appropriate equipment for testing the accuracy of this scale. He did not testify that he was in any way familiar with this particular scale or that he had

tested it for accuracy at any time. Therefore, the question of whether the Bucks County Department of Weights and Measures had the appropriate equipment, even assuming that they did not, or that they followed improper procedures in testing the accuracy of this weighing device, would be totally irrelevant lacking evidence that this scale was, in fact, inaccurate. Defendant could have tested the accuracy of the scale himself or, at the very least, could have caused the vehicle and its load to be reweighed in order to prove that the weight was different from that recorded on the scale in question. In fact, he refused an offer for a reweigh as provided for in subsection (b) of the Act of August 27, 1965, P.L. 416, sec. 1, 75 P.S. §904. Therefore, we are satisfied that this evidence was properly excluded as irrelevant.

For the foregoing reasons, the appeal was denied and defendant convicted.