## Commonwealth v. Mentz

C. *Gus Kwdis,* for Commonwealth.
*David L. Gropp,* for defendant.

KLEIN, *J.,* December 19, 1975—This is an appeal by defendant from his conviction in the district magistrate's court of violating section 903 (overweight vehicle) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 P. S. § 903. A hearing de novo was held. Defendant raises two issues. First, whether the police officer had "probable cause" to stop him and second, whether the police officer had "jurisdiction" in the premises.

# I. PROBABLE CAUSE

Once again, we are confronted with the troublesome issue of whether the police officer "had reason to believe that the gross weight was unlawful" when he stopped the vehicle. It is the police officer's duty, with his experience in truck weights, to make an estimate, *based upon physical facts,* that indicate that the weight is beyond the permissible limits, and then require that it be weighed to ascertain if the vehicle is, in fact, in violation of the law: Commonwealth v. Caporiccio, 210 Pa. Superior Ct. 230, 232 A.2d 42 (1967).

The pertinent facts are that the officer observed the following by sight and sound: vehicle traveling exceedingly slow for road and traffic conditions, 25 m.p.h. in a 50 m.p.h. zone; engine "pulling heavy"; "fifth wheel" riding "heavy" (laying flat); and body of trailer laying close to tires.

Defendant gave plausible explanations for his slow speed and why the engine was pulling heavy and we have no reason to doubt his explanations. However, the issue does not concern the underlying reasons for the observed physical facts but, only whether the same existed so as to give the officer reason to believe that the gross weight was unlawful.

Clearly, probable cause to stop the vehicle and require weighing was established.

# II. JURISDICTION

Defendant has raised an issue which apparently is a matter of first impression. Defendant asserts that he should be acquitted because the police officer conducted the weighing at a scale out of his jurisdiction and such evidence should not have been received over his objection.

It is true that *in the absence of special authorization,* the powers conferred on a police officer must be exercised within the territorial limits of the municipality: 25 P. L. E. 367, §191. The pertinent statute authorizes police officers to weigh vehicles, either by means of a portable or stationary scale—or may require that the vehicle be driven to the nearest stationary scale if within two miles. Thus, the only limitation is that the scale be within two miles. Nevertheless, it may be argued that said statute provides no special authorization to weigh vehicles beyond the municipal boundaries.

However, our appellate courts have ruled that The Vehicle Code must be given a common sense interpretation. See Commonwealth v. Walkinshaw, 373 Pa. 419, 96 A.2d 384 (1953). Additionally, of course, the general rule of construction of statutes is to ascertain and effectuate the intention of the General Assembly: 1 Pa. C.S.A. § 1921. The pertinent statute was intended to protect the traveling public and minimize damage done to the public roads. Thus, we conclude that the legislature authorized weighing at a scale within two miles regardless of municipal boundaries and, conversely, proscribed proceeding to a scale more than two miles distant, whether within or outside the municipality where the stop occurs.

Defendant contends that the statute should be given strict construction: 1 Pa. C.S.A. § 1928. We are not at all certain that the weighing provisions are "penal" in nature. They certainly have the remedial effect of permitting a driver to go on his way should the weight prove to be lawful although the officer had probable cause to make the seizure for weighing. However, assuming that the rule of

strict construction applies, we conclude that the same result prevails. See Commonwealth v. Duncan, 456 Pa. 495, 321 A.2d 917 (1974), and cases cited therein: Commonwealth v. Aikens, 179 Pa. Superior Ct. 501, 118 A.2d 205; and Commonwealth v. Carney, 58 D. & C. 2d 345 (1972). The case of Commonwealth v. Gill, 166 Pa. Superior Ct. 223, 70 A.2d 700 (1950), bears upon the instant case in two aspects. First, the court, in Gill, applies the rule of construction contained in 1 Pa. C.S.A. §1922; and it also demonstrates that the legislature has spelled out "within the city . . ." in the provisions concerning filing informations before the nearest available magistrate and thus may be presumed to have purposely omitted any such limitation in the instant provision, particularly since they are parts of the same statute, The Vehicle Code.

Finally and most conclusively, we cannot permit a result that is absurd, impossible of execution or unreasonable nor one that would favor a private interest over the public interest: 1 Pa. C.S.A. §1922. Not only would the defendant's sought-after result violate the foregoing rule of construction by severely limiting prosecution for overweight vehicles, it would necessarily result by analogy in precluding a local police officer from 1. Transporting an arrestee to a district magistrate's office for preliminary arraignment or preliminary hearing (in 45 of Beaver County's 54 municipalities); and 2. Transporting an arrestee to the Beaver County Jail (in 53 of 54 municipalities); and 3. Investigation in other municipalities (counties or states) concerning a crime committed within his jurisdiction.

The general rule that a police officer's "powers" must be exercised within the territorial limits of

his municipality is obviously intended to apply primarily, if indeed not exclusively, to the police powers of search and seizure and arrest and not to every conceivable police "function" ancillary thereto, either pre-arrest or post-arrest. Needless to say, if it were otherwise, the administration of the criminal justice system would be ground to a virtual halt pending the employment of thousands of police officers with county-wide or state-wide jurisdiction.

Futher, defendant also claims that he should be acquitted because the police officer failed to advise him of his right to have a re-weigh on the nearest available stationary scales: 75 P.S. §904. We are not aware of any duty on the part of a police officer to so advise an operator. What makes this point very interesting is that the statute requires the police officer to conduct a re-weigh at the next nearest available stationary scales without limitation as to distance (and without limitation as to municipal boundaries). Thus, if defendant's contention regarding "jurisdiction" was the law it would be impossible for the local officer to perform the duty which inures to the benefit of defendant. We thinks the defendant doth protest too much.

### III. ARREST

Defendant, as part of his jurisdiction argument, has also raised the issue of whether the herein arrest was lawful, once again arguing the "out-of-jurisdiction" police activity. Although, it is true that the officer told defendant that he was under arrest at the site of the scale (out-of-jurisdiction), we conclude that the arrest actually occurred at the site of the seizure (within the officer's jurisdiction).

When a police officer orders a motor vehicle operator to "pull over," the officer is effecting a seizure of both the vehicle and its occupants: Commonwealth v. Swanger, 453 Pa. 107, 307 A.2d 875 (1973).

"An arrest is the taking, seizing, or obtaining of the person of another, the putting of hands upon him in the execution of process, or any act indicating an intention to arrest. Under the definition contained in the Restatement of the Law of Torts, an arrest is the taking of another into the custody of the actor for the actual or purported purpose of bringing the other before a court, or of otherwise securing the administration of the law." 3 P. L. E. 31, § 1. Thus it is clear that the seizure in these circumstances constituted an arrest. The fact that the officer may have told the defendant that he was under arrest at the site of the scale would be a superfluous pronouncement.

## IV. CONCLUSION

Defendant has cited cases that hold that the offense of operating an overweight vehicle is a continuing one, so that the offender *may* be prosecuted in any municipality through which he passes and *may* be prosecuted in the municipality wherein the weighing occurs. The cited authorities do *not* hold that the prosecution *must* occur in the municipality where the scales are located. Also cited is a case holding that a municipal police officer has no power to arrest outside his jurisdiction. We agree, but as set forth above, the instant arrest did not occur outside the jurisdiction.

For these reasons, we enter the following

## VERDICT

And now, December 19, 1975, we find defendant, Thomas L. Mentz, guilty as charged, operating a motor vehicle 6,520 pounds overweight, with gross weight of 79,800 pounds, the permissible maximum being 73,280 pounds. Said defendant is ordered to pay the costs and a fine of $1,300.