## Commonwealth v. McCaskey

*William R. Banyasz, Jr., District Attorney*, for Commonwealth.

*Paul D. Boas*, for defendant.

KLEIN, *J.*, May 3, 1976—This is an appeal by defendant from his conviction in the district magistrate's court of violating section 903 (overweight vehicle) of The Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 P.S. §903. A de novo hearing was held before this court on March 25, 1976.

Defendant raises two issues: First, whether the police officer had probable cause to stop him, and, second, whether the fine imposed can be in excess of $300.

## I. PROBABLE CAUSE

It is defendant's contention that the police officers did not have reasonable cause to believe that the weight of the vehicle was unlawful. In Commonwealth v. Caporiccio, 210 Pa. Superior Ct. 230, 232 A. 2d 42 (1967), the court stated:

"It is the police officer's duty, under The Vehicle Code, based on his experience in truck weights, to make an estimate, and if the physical facts are such . . . to indicate that the weight is beyond the permissible limits, the truck must be weighed to ascertain if the truck is, in fact, in violation of the law."

Therefore, it must be determined whether there were sufficient physical facts to indicate to the police officers that the vehicle in question was overweight.

In Commonwealth v. Caporiccio, supra, the officer noted that the tires were low, the truck did not bounce when it went over a dip in the road, and the springs were flat down. This was held to give the officer reasonable cause to believe that the vehicle was overweight. In Commonwealth v. Mentz, 35 Beaver 35 (1975), this court held the following observations sufficient: the vehicle was travelling exceedingly slow for road and traffic conditions (25 m.p.h. in a 50 m.p.h. zone), the engine was "pulling heavy," the "fifth wheel" was riding "heavy" (laying flat), and the body of the trailer was lying close to the tires. In the instant case, the officers testified that the truck was travelling at a slower speed than

other cars and trucks, 20 m.p.h. in a 55 m.p.h. zone. They also stated that the engine appeared to be "laboring" and that the trailer appeared to be laying close to the wheels. Finally, the officers testified that the truck was carrying three coils which they felt would weigh more than the allowable gross weight limit. These physical facts were sufficient to give the officers reason to believe that defendant's vehicle was overweight.

Defendant testified that he was travelling at 25-30 m.p.h. If he was going at this speed, it may still be considered slow for a 55 m.p.h. zone. Defendant further stated that the noise referred to as "laboring" was due to driving in a low gear up a grade while attempting to maintain a consistent RPM level. However, as this court stated in Commonwealth v. Mentz, supra:

". . . [T]he issue does not concern the underlying reasons [explanations] for the observed physical facts but only whether the same existed so as to give the officer reason to believe that the gross weight was unlawful."

Finally, defendant contends that the officers did not know what the coils were made of or how tightly they were wrapped and, therefore, they could not conclude that the load was overweight. In Commonwealth v. Caporiccio, supra, the court said:

"[T]he police officer . . . does not have to guess the contents of a truck, in fact, the contents are immaterial, it is the weight of the cargo regardless of what it is, that concerns the investigation."

Further, it is ludicrous to suggest that any Beaver County motorist, let alone a police officer, cannot tell whether the load is of steel coils merely because they are covered by a soft overlay such as a tar-

paulin. Literally, scores of trucks carrying steel coils traverse Beaver County highways each month. The police officers felt the load to be overweight. Whether the coils were made of steel or aluminum, were tightly or loosely wrapped, is of no consequence. The officers, in this case, had weighed hundreds of trucks and were experienced. The physical facts they observed gave them sufficient probable cause to stop the vehicle and require weighing.

## II. ASSESSMENT OF FINE

Defendant argues alternatively that even if he is found guilty of violating section 903, the maximum fine that could be levied against him is $300. Defendant's argument is based on sections 106 and 1101 of the Pennsylvania Crimes Code.

The Act of December 6, 1972, P.L. 1068, as amended, 18 Pa.C.S. 106(c) provides:

"An offense defined by this title constitutes a summary offense if: (1) it is so designated in this title, or in a statute other than this title."

Section 1101(6) provides for a $300 fine when there is a conviction of a summary offense. Defendant contends that, since section 903 is a summary offense, his fine cannot exceed $300. While this court is impressed with the ingenuity of defendant's argument, it is without merit.

To begin with, section 106(c) of the Pennsylvania Crimes Code clearly applies to "an offense defined by this title." Violating the weight requirements is not an offense encompassed by the Crimes Code. Furthermore, sections 106 and 1101 were adopted in 1972. Section 903 was amended in 1973 and its penalty provision was unaltered. If the fine provi-

sion of the Pennsylvania Crimes Code was applicable to The Vehicle Code violations, section 903 could have been amended to reflect this intent. Most conclusively, however, is that section 1101, subsection (8) provides:

"Any higher or lower amount specifically authorized by statute."

The provisions of the Crimes Code with respect to fines is inapplicable to The Vehicle Code. Defendant will be fined in accordance with the table set out in §903.

### ORDER

And now, May 3, 1976, we adjudge defendant guilty. He is to pay the costs and a fine of $1,400.