## Commonwealth v. Gallagher

*Gary E. Hartman, District Attorney,* for Commonwealth.

*Robert E. Campbell,* for defendant.

SPICER, *P.J.,* December 11, 1980—Defendant was charged with violating the Vehicle Code, 75 Pa.C.S.A. §4943, on July 20, 1980, after a weigh showed combined rear axle weights of 29,200 pounds. He was convicted by a magistrate and appealed. This court heard testimony on November 13, 1980. Following the presentation of the Commonwealth case, defendant demurred. When the demurrer was overruled, defendant rested. The court took the matter under advisement in order to review several cases cited by defendant.

Kenneth Zeisloft, a trooper with the Pennsylvania State Police, stopped all trucks proceeding on Pennsylvania Route 116 on July 20, 1980. After observing cargo, he allowed some trucks to proceed without being weighed. However, he ordered defendant to proceed to a parallel street in Fairfield for weighing on portable scales. Although defendant protested at the hearing that the weighing did not conform to the requirement of the Vehicle Code, supra, the court overruled the objection. The weighing was done by two weighmasters on certified scales.

The weight of the truck was below its authorized

limits. However, the axle weight exceeded the 9,400 pounds authorized by the statute and, after giving a one per cent allowance, the defendant was fined $1,100 by the magistrate originally hearing this case.

The officer was allowed to testify, over objection, that after viewing the truck and its load he formed the opinion that the actual axle weight exceeded the authorized axle weight. His opinion was based upon two and one-half years' experience in weighing trucks during which he has weighed 100 to 200 trucks and has brought 75 prosecutions. He said there was a considerable load of stones on the truck and he based his opinion on the type of truck, the placement of the axle, and the amount of stone. Although the axle distance between axles was not a determining factor, he said had the rear axle been as far to the rear as possible it may have been possible that the truck legally could have carried its load.

He did not say how many cases in which he had been involved were axle weight cases. He did not describe the truck except generally. He did not say whether the truck's axle could be moved. He did not describe the rear tires.

The sole issue the court now decides is whether the weigh was performed in violation of defendant's constitutional rights. Defendant has cited the cases of Com. v. Murray, 460 Pa. 53, 331 A. 2d 414 (1975), and Com. v. Harbaugh, 8 D. & C. 3d 624 (1979), to sustain his position that the weigh was impermissible. Both cases held that police cannot single out cars for stops without probable cause to believe some law is being violated. Furthermore, the probable cause must be established by articulable facts.

There is no doubt the officer lacked probable cause to stop the truck. He could not see the load until after the stop and there was nothing about the

truck or its operation to indicate overweight. This, however, is not dispositive of this case because the police stopped all trucks and did not single out this particular vehicle.

Evidently, Pennsylvania appellate courts have not, to this date, ruled on the legality of "road block" stops. Many states have held that such stops are proper if limited to obtaining information and not involving significant intrusions on the privacy of the vehicle or its occupants: New Jersey v. Kabayama, 94 N.J. Super. 78, 226 A. 2d 760 (1967).

In the absence of contrary authority, the court holds that the stop of defendant's truck was proper.

Defendant was singled out, however, for weighing. This arguably could be a significant infringement on his freedom of movement and right to privacy. The question was whether the infringement was reasonable in light of all the circumstances. The Superior Court said, in Com. v. Caporiccio, 210 Pa. Superior Ct. 230, 232, 232 A. 2d 42 (1967):

"It is the police officer's duty, under The Vehicle Code, based on his experience in truck weights, to make an estimate, and if the physical facts are such, as in this case, to indicate that the weight is beyond the permissible limits, the truck must be weighed to ascertain if the truck is, in fact, in violation of the law. Otherwise, the weight provisions of The Vehicle Code would be unenforceable."

The fact situation in Caporiccio, supra, involved a truck carrying weight in excess of its authorized limits. Tires were low, the truck did not bounce, and the springs were flat down. The officer was, as is Trooper Zeisloft, experienced in having supervised weighing many overweight trucks. Caporiccio, then, involved an opinion which was supported by articulated physical facts.

By contrast, the court in Bucks County found a driver not guilty in Com. v. Meldru, 29 Bucks 82 (1976). The case is not particularly helpful because it was decided by verdict and not by a ruling of law. The Bucks County Court based its decision on the lack of substantiating facts for a police opinion, based solely on the type of truck and the load, that the truck was overweight. The Cumberland County Court, however, ruled as a matter of law that the fact that a truck was carrying a load of stones did not justify a stop in Com. v. Harbaugh, supra.

A case cited by Judge Shughart in Harbaugh, supra, was U.S. v. Harris, 421 F. Supp. 121 (E.D. Pa. 1976). The district court discussed, at p. 125, the reasonableness of a stop in light of the language in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed. 2d 889 (1968). It was said, referring to a police officer: "'[D]ue weight must be given, not to his inchoate and unparticularized suspicion or "hunch," but to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience.'"

The Federal District Court further observed that the expectation of privacy is not as great in commercial vehicles as in private vehicles.

Considering all of the principles heretofore described and the situation, the court is of the opinion that the Commonwealth has not established probable cause either before or after the stop. The Commonwealth argues that this is not a typical overweight case. The weight of the truck was well within its authorized limits. However, the axle weight and, therefore, the weight on the rear tires was greatly in excess of the authorized weight.

The court holds that the police did not need probable cause to stop the truck. Whether probable

cause was needed to weigh the truck depends upon the significance of the intrusion into privacy. The factors that must be considered are (1) the type of intrusion, and (2) the distance defendant is required to move: Com. v. Quarles,.229 Pa. Superior Ct. 363 (1974); Com. v. Williams, 229 Pa. Superior Ct. 390, 323 A. 2d 862 (1974). If either the intrusion is significant or the distance travelled is great, the police must have probable cause to arrest defendant: Id.

The officer most certainly did not have probable cause to arrest defendant. However, we are of the opinion that weighing the truck was a very minor intrusion into defendant's privacy. If the scales had been in the immediate vicinity of the stop, this court is of the opinion that any reasonable basis for distinguishing between trucks would be sufficient to order some weighed and allow others to proceed. It would be eminently reasonable to allow empty trucks or those with very small loads to proceed. Trucks with considerable loads could be weighed.

Defendant argues that the statute in question only allows police to have a truck move to stationary scales. This is because of the provision that police may order a truck to proceed to stationary scales within two miles. No provision is made for movement to portable scales and, therefore, defendant argues requiring any movement cannot be justified without probable cause.

The court rejects this argument. The statute must be applied in a common sense manner. Portable scales are authorized. Obviously, some movement is required in any weigh situation. However, we feel that the use of portable scales implies they will be utilized in the reasonably immediate vicinity of the stop.

The only evidence in this case pertaining to the location of the weigh is that it occurred on a parallel street which was one block away from Route 116. The exact location on the street was not established nor was the distance travelled from the point of stop to the point of weigh. We, therefore, do not feel that the Commonwealth has carried its burden of showing that the weigh was proper and we, therefore, conclude we improperly overruled defendant's objection to evidence regarding the weigh.

Technically, we should probably grant a new trial. However, in the interest of economy of justice, the attached order shall be entered.

## ORDER

And now, December 11, 1980, the court finds defendant guilty as charged.

Judgment is arrested and the defendant discharged.

Costs shall be paid by the County of Adams.