## Commonwealth v. Mann

*David E. Auerbach,* for plaintiff.
*David R. Black,* for defendant.

BLOOM, *J.,* June 8, 1981—This matter is before the court on appeal from a summary conviction of defendant by district justice for violation of section 4902, subsection (a) of the Vehicle Code, 75 Pa.C.S.A. §4902(a).

From the record we make the following

### FINDINGS OF FACT

1. On December 7, 1979, at 11:25 a.m., defendant, Norman T. Mann, drove a truck over the Primos Avenue Bridge in the Borough of Folcroft, Delaware County, Pa.

2. Said Primos Avenue Bridge had been posted with a two and one-half ton weight limitation.

3. After apprehension, the Folcroft Borough police officer making the arrest weighed defendant's vehicle and determined the total weight to be 11,600 pounds.

4. Thereafter defendant/driver was taken before district Justice, Anthony M. Truscello, of the Borough of Folcroft and was charged with violating section 4902(a) of the Vehicle Code.

5. The district justice found, after hearing, that defendant's vehicle and load exceeded the maximum weight limitation posted by the bridge by 3600 pounds and levied a fine of $600 and costs in the amount of ten dollars upon defendant/driver.

## DISCUSSION

The principal issue involved is whether or not the Commonwealth failed to meet its burden of establishing the violation of section 4902(a) of the Vehicle Code, 75 Pa.C.S.A. §4902(a). More specifically, defendant contends that it was incumbent upon the Commonwealth to prove the accuracy of the weighing scale by producing a certificate of accuracy, under seal, with respect to the scales utilized to weigh defendant's vehicle.

At the hearing, the Commonwealth presented the arresting police officer who testified, without contradiction, that defendant, despite clearly marked weight limitations, drove his truck over the Primos Avenue Bridge and that his truck was overweight.

The Folcroft police officer testified that the vehicle and the driver were then directed to proceed to a set of privately owned, stationary scales belonging to the Action Concrete Company. At that time, the vehicle was weighed by the arresting police officer on the scale that had been certified to be accurate by the Bureau of Weights and Measures for the

Commonwealth of Pennsylvania, Department of Argiculture, on July 24, 1979. The weighing was performed by the police officer who was a certified weighmaster, which weighing revealed that the truck was overweight by 3600 pounds.

At the trial of this cause, the Commonwealth attempted to introduce a photostatic copy of the certificate of accuracy into evidence, the probative value of which was to demonstrate that the aforesaid scales were accurate and had been certified to be so by a representative of the Department of Agriculture.

Because the certificate had not been embossed with a raised seal of the Department of Agriculture, defendant contends that the Commonwealth did not comply with 42 Pa.C.S.A. §6103, which states that an official record kept by any government unit may be evidenced only by a copy attested by the legal custodian and accompanied by a certificate under seal of custody. In failing to comply with the aforesaid statute, defendant asserts that the Commonwealth thereby failed to meet its burden of proof beyond a reasonable doubt. In essence defendant asserts that absent such proof of the accuracy of the Action Concrete scales, the Commonwealth must fail in its case of proving a violation of section 4902(a) of the Vehicle Code.

The cases reported in the Commonwealth have consistently held that it is not incumbent upon the Commonwealth to prove the accuracy of the scales in order to uphold a summary conviction for operating an overloaded vehicle in violation of section 4902(a) of the Vehicle Code. Once the Commonwealth makes out its prima facie case through the testimony of the arresting officer that defendant was taken to a stationary scale and that he was present at the time of the weighing and that the weighing was done by a certified weighmaster, the

Commonwealth has met its burden of proof: Com. v. Thurmond, 27 D. & C. 2d 470 (1962).

The Thurmond case, supra, is the leading case dealing with the then novel question of whether or not the Commonwealth was obligated to prove the accuracy of the scales in the absence of evidence offered by defendant to challenge the inaccuracy of the same. In Thurmond, supra, the court held that the Commonwealth had met its burden when the arresting officer testified that he weighed defendant's tractor-trailer and load upon the scale and found the total weight to be 77,800 pounds.

In speaking for the Court of Common Pleas of Delaware County, the Honorable John V. Diggins stated at p. 482:

"These overweight cases have been before the court innumerable times in Pennsylvania and no one has yet challenged the right of the Commonwealth to rest its case on the prima facie evidence of the weighing officer. *No presumption is involved here.* It is merely a question of whether or not the officer's testimony and his certificate of weight is prima facie evidence of overload until and unless challenged, in which event the question becomes one of fact for the court to decide. We hold that such testimony is prima facie evidence until and unless the legislature requires some check thereon." (Emphasis supplied.)

It becomes significant that defendant failed to introduce any evidence of his own which effectively impugned the accuracy of the Action Concrete scales.

The court finds that the case of Com. v. Schreiber, 52 D. & C. 2d 679 (1971), citing Thurmond, supra, with approval, is dispositive of the issue. In Schreiber, supra, the court held that the failure of

the prosecuting officer to introduce into evidence a certificate of weight was not fatal to the Commonwealth's case where the police officer personally weighed the truck and testified without contradiction as to the overweight. Thus, the Commonwealth, in the instant case, went beyond a reasonable doubt by introducing the certificate of accuracy.

Therefore, from the consideration of the foregoing case authority, coupled with the fact of the failure on the part of defendant to controvert the accuracy of the scales, it is clear that the certificate of accuracy of the scales is not a necessary element of the Commonwealth's case, and that the Commonwealth has sufficiently proven a prima facie case that the vehicle was overweight, thereby sustaining its burden of proof.

Finally, defendant raises the argument that Thurmond, supra, is inapposite due to the fact that the said case involved the utilization of municipal scales as the weighing device as opposed to private scales, as was the situation with the case at bar. More specifically, defendant raises the contention that the Commonwealth failed to comply with 75 Pa.C.S.A §4981(b) in that the scale utilized by the Folcroft police officer belonged to a private company, Action Concrete Company, and was neither maintained by the Department of Transportation nor had the department contracted with the pertinent local authorities to use the said stationary scale.

It is not without significance that the Action Concrete scale was tested by the Department of Agriculture of Pennsylvania on July 24, 1979, and was found to be accurate in all respects. Said certificate states, in pertinent part, that the scale in question ". . . has been compared with the stand-

ards of the Commonwealth of Pennsylvania in possession of the Department of Agriculture and is accurate to weigh motor vehicles."

Furthermore, defendant fails to cite any authority which prohibits or contravenes the Borough of Folcroft's practice of weighing suspected overweight vehicles on privately owned scales.

Defendant's assertions to the contrary notwithstanding, it should be noted that the case of Com. v. Caporiccio, 210 Pa. Superior Ct. 230, 232 A. 2d 42 (1967), dealt with the situation analogous to the case at bar in that a privately owned scale was the measuring device upon which defendant's overweight vehicle conviction under the Vehicle Code was based. In the Caporiccio case, supra, defendant contended, inter alia, that the use by the Borough police officer of said privately owned scale was a fatal defect which eviscerated the Commonwealth's case.

Without specifically addressing itself to the question of the propriety of using the privately owned scale, the Caporiccio, supra, case determined that the Commonwealth complied in every respect with the requirements of the act and thus, sustained the conviction. The court cited Thurmond, supra, for the proposition that there is no statutory requirement of proof of accuracy of scales: Caporiccio, supra.

A similar question was raised by defendant in the case of Com. v. Penn, 72 D. & C. 2d 476, 481 (1975), wherein the court stated:

"[T]he question of whether the Bucks County Department of Weights and Measures had the appropriate equipment, even assuming that they did not, or that they followed improper procedures in testing the accuracy of this weighing device, would be totally irrelevant lacking evidence that this scale was, in fact, inaccurate."

Nevertheless, if there is any question concerning the propriety of using said privately maintained scale or the accuracy of the same, defendant could have opted to have had the truck reweighed on another scale as is provided in 75 Pa.C.S.A. §4981 (d), which option defendant failed to exercise in the case at bar.

Therefore, we make the following

## CONCLUSIONS OF LAW

1. The equipment operated by defendant exceeded the posted weight limit by 3600 pounds.

2. The Commonwealth met its burden when the arresting officer testified that he weighed defendant's vehicle upon the scale and found the total weight to be 11600 pounds.

Therefore, we enter the following

## ORDER

And now, June, 8 1981, after presentation of testimony and briefs submitted by respective counsel, it is hereby ordered and decreed that the appeal of defendant, Norman T. Mann, be and the same is dismissed.

Said defendant, Norman T. Mann, is found guilty of the offense as charged and is sentenced to pay a fine of $610 plus costs of prosecution.