460 A.2d 349

**COMMONWEALTH of Pennsylvania**

v.

**Gary R. STAYTON, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 20, 1981.

Filed May 13, 1983.

Dwight L. Koerber, Jr., Clearfield, for appellant.

Lawrence M. Kelly, Assistant District Attorney, Montrose, for Commonwealth, appellee.

George Bristol, Philadelphia, for participating party.

Before BECK, WATKINS and HOFFMAN, JJ.

WATKINS, Judge:

This case comes to us on appeal from the Court of Common Pleas of Susquehanna County and involves defendant-appellant's appeal from an order of the court below which upheld a fine imposed upon him of $2,000 pursuant to *75 Pa.C.S.A. 4943*, the section of the Motor Vehicle Code establishing fines for overweight vehicles. The defendant claims that the evidence used against him at trial, namely, the weigh scale readings of the truck he was operating, was illegally obtained and should have been suppressed.

The defendant was arrested on September 10, 1980 while operating an overweight tractor trailer dump vehicle on Interstate Route 81 in Susquehanna County by Trooper Andrew Wascura of the Pennsylvania State Police. Wascura stopped the defendant's vehicle because he thought that

it might be overweight, directed that the vehicle be taken to an official weigh station, observed two trained employees of the Pennsylvania Department of Transportation weigh the vehicle, and issued a citation to defendant when the vehicle was found to be overweight. After being convicted of the offense before a magistrate the defendant appealed the conviction to the Court of Common Pleas of Susquehanna County whereupon he filed a suppression motion requesting that the evidence of the truck's weight be suppressed as illegally obtained.

At the suppression hearing Wascura testified that he is assigned exclusively to enforcing highway weight limitations; that he was specially trained in that area of law enforcement; that Pennsylvania was embarking on a program to enforce weight limitations on highways because it had been threatened with the loss of federal highway funds if it did not begin to enforce its weight limitation laws; and that he stopped defendant's vehicle because he observed it travelling up an incline at a rate of speed which was slower than other commercial vehicles thereby leading him to believe that it was overweight. The court below refused to suppress the evidence and defendant was convicted after his de novo trial before the Court of Common Pleas. He then took the instant appeal.

The defendant claims that the Commonwealth has no right to conduct "spot checks" of trucks to determine whether they are overweight because such practice violates the truck driver's Fourth and Fourteenth Amendment rights to protection against unreasonable searches and seizures. In support of his position, the defendant cites the case of *Delaware v. Prouse,* 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979) where the Supreme Court found that random inspections of private automobiles in order to inspect the driver's operator's license and vehicle registration cards are unconstitutional. The Commonwealth argues that the Court's holding in *Prouse* is limited to private automobiles and that users of commercial vehicles do not enjoy the same constitutional rights with respect to a rea-

sonable expectation of privacy as do operator's of private automobiles. Both parties apply the same arguments to *Commonwealth v. Swanger*, 453 Pa. 107, 307 A.2d 875 (1973), a case wherein our Supreme Court held that policemen could not stop a private automobile for a routine check without first showing that it was improperly operated or that some other lawful, articulable reason existed for stopping it.

While both parties present interesting and well-reasoned positions in support of their respective arguments relative to this issue, we will not reach that issue in the instant case. That is so because the instant issue can be decided on grounds other than the constitutionality of "spot stops for weight limit determinations." See *Ashwander v. T.V.A.*, 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688 (1936), where the Supreme Court ruled that where two grounds exist for deciding a case and one involves the determination of the constitutionality of a statute (or as in this case, a practice) and the other permits disposition of the issue on other grounds, the issue is to be decided by the latter course.

In our case Office Wascura had probable cause to direct that the weight of the truck be checked. He testified that he had observed the truck travelling up an incline on a four lane, divided interstate highway at a speed which was slower than other commercial vehicles. We find that this observation provided Officer Wascura with sufficient cause to order the truck weighed as the travelling of a truck such as defendant's at a slow rate of speed up an incline is certainly an indication that the vehicle may be overweight. Defendant's argument regarding this issue is that officer Wascura's observations as to defendant's speed were contradicted by the defendant in certain aspects. Such factual determinations are for the suppression court. We hold that Officer Wascura's training and experience, when coupled with his observation of Defendant's speed in relation to other commercial vehicles, provided him with sufficient cause to check the truck for its weight. See *Common-*

*wealth v. Caporiccio,* 210 Pa.Superior Ct. 230, 232 A.2d 42 (1967).

Order affirmed.