**Commonwealth v. Everetts**

*Steven P. Miner, assistant counsel for Department of Transportation,* for the commonwealth.
*Stanley J. Kerlin,* for defendant.

WALKER, *J.,* May 12, 1986 — On September 10, 1984, defendant drove his dump truck south on Route 522. Attached to the truck was a three-axle trailer with a Case loader earth mover on it. Pennsylvania State Trooper Raymond E. Neil, a PennDOT weight enforcement officer, was traveling north on Route 522 when he spotted defendant's truck. He observed that defendant's truck had a Class Eight sticker on it, but no axle tax marker. Because of the absence of the axle tax marker and his estimation that the truck and trailer were overweight, he pulled defendant over. Trooper Neil subsequently weighed defendant's truck and trailer, finding that the trailer was 2,500 pounds greater than the truck's registration weight. He then cited defendant for not having a proper combination weight registration, a violation of section 4942(c) of the Vehicle Code. Defendant was found guilty at his

guilty at his summary trial and he appealed to this court. When the case was called for trial on March 28, 1986, defendant raised certain procedural objections. After hearing testimony, the court ordered both parties to file legal memoranda on these objections.

Defendant's challenge to his conviction is twofold: that the citation was fatally defective because it was not verified and that the arresting officer had no probable cause to stop defendant.

Defendant's first argument, that the citation is fatally defective because it was not verified, is meritless. Rule 54(d) of the Pennsylvania Rules of Criminal Procedure states:

"An issuing authority before whom a citation is filed shall, *if proper response is not made in accordance with these rules by the defendant within the ten (10) days prescribed,* notify the police within three (3) days thereafter. A police officer (if he has not already done so) shall appear before the issuing authority within twenty (20) days following such notice, and under oath shall attest to the facts contained in the citation previously filed." (emphasis supplied).

Here, defendant properly responded by pleading innocent and appearing at the summary trial. As such, there was no need for the officer to verify the citation. See *Commonwealth v. Mixell,* no. 123 of 1985 (Fulton County). If counsel for defendant is to be believed, that only the second half of rule 54(d) is "pertinent," then citations would need to be verified in every instance. This feat of prestidigitation fails, however, when the section is resurrected in its entirety. Defendant's citation was in no way defective and his motion to dismiss on these grounds must be denied.

Defendant next argues that the officer had no probable cause to believe that defendant's truck was

overweight. This contention is unfounded. The arresting officer, Trooper Neil, testified to his credentials and experience as a weight enforcement officer. Neil observed defendant's truck, devoid of an axle sticker, pulling a three-axle trailer. He also saw defendant's Class Eight sticker, knew that this was a registration for 26,000 pounds, knew the approximate weight of the Case loader that defendant was hauling, and concluded that defendant's combination weight exceeded the vehicle's registration. Neil's suspicions were confirmed; defendant's combination weight was almost 22,000 pounds greater than its registration weight.

As counsel for defendant correctly points out, an officer may stop a vehicle only if he is aware of specific facts which indicate that the vehicle or the driver is in violation of the code. However, in the cases cited by defendant, *Commonwealth v. Swanger,* 453 Pa. 107, 307 A.2d 875 (1973) and *Commonwealth v. Murray,* 460 Pa. 53, 331 A.2d 414 (1975), the officers stopped defendants without even a pretense of facts on which to base their suspicions.

In *Commonwealth v. Harbaugh,* 8 D.&C.3d 624 (1979), an officer stopped and weighed a truck loaded with stone. There, the officer was not experienced in weight enforcement and there was no indication of the truck's registered weight classification. The truck was only 5 percent overweight and the court held that the mere fact that the truck was loaded with stone was not probable cause to believe that it was overweight.

The present case is easily distinguishable from Harbaugh. Here, the officer is an experienced weight enforcement officer, he saw the truck hauling an axle trailer without an axle sticker, he knew the truck's registration weight and he knew the ap-

proximate weight of the Case loader that defendant was hauling. Officer Neil had even more reason to believe that defendant was in violation of the code than did the officers in *Commonwealth v. Caporiccio,* 210 Pa. Super. 230, 232 A.2d 42 (1967) and *Commonwealth v. Stayton,* 314 Pa. Super. 12, 460 A.2d 349 (1983), both cases upholding that there was probable cause to stop vehicles for weight violations.

Defendant's final argument that, separately, the dump truck and the tag-along trailer were within their respective weight registration limits is inconsequential. The gross weight of defendant's trailer was 28,500 pounds, 2,500 pounds greater than the registered weight of defendant's truck. This is specifically prohibited under 75 Pa.C.S. §4942(c), which states:

"Combination — No combination containing a trailer having a registered gross weight in excess of 10,000 pounds shall be operated with a gross weight in excess of the registered gross weight of the truck or truck-tractor for a combination."

Counsel for defendant states that this is not a "true-weight case," that instead, this is simply a "registration mix-up." This gossamer-like distinction is blown aside by the clear, cold prohibition of section 4942(c).

Defendant's motion to dismiss his conviction is denied.

## ORDER

And now, this May 12, 1986, defendant's contentions, that the citation is fatally defective because it was not verified and that the officer lacked probable cause to stop defendant, are dismissed.