(No. 36437.—

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error, *vs.* CARMINE MUNZIATO, Defendant in Error.

*Opinion filed March 23, 1962.—Rehearing denied May 23, 1962.*

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

JOSEPH I. BULGER and G. J. DEVANNA, both of Chicago, for defendant in error.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Carmine Munziato was indicted by a grand jury in the criminal court of Cook County for operating, on the Tri-

State Tollway, a truck which was allegedly 22,000 pounds over the prescribed statutory maximum weight. Defendant moved the court to quash the indictment on the ground that it failed to state a crime and that sections 131, 132, 132.01, 132.02, 133, 134 and 135 of the Uniform Act Regulating Traffic on Highways (Ill. Rev. Stat. 1959, chap. 95½, pars. 228, 229, 229a, 229b, 230, 231 and 232) are unconstitutional. The trial court granted the motion "for reasons stated in said motion." The People seek direct review of the judgment because a constitutional question was presented to and passed upon by the trial court. See *People* v. *Watkins,* 19 Ill.2d 11.

Defendant contends that the indictment fails to charge a crime because the Tri-State Tollway is not a highway within the meaning of section·131 (chap. 95½, par. 228) which ·prescribes weight limitations for various vehicles equipped with pneumatic tires "upon the highways of this State." He points out that the Illinois State Toll Highway Commission is an instrumentality and administrative agency of the State, (Ill. Rev. Stat. 1959, chap. 121, par. 314a28,) that the Commission has the power to make rules and regulations applicable to traffic on the tollways (chap. 121, par. 314a33) and that the violation of a Commission rule or regulation is a misdemeanor punishable by a fine of not less than $1 nor more than $100. (chap. 121, par. 314a47.)

We cannot agree with defendant's contention that the legislature, by delegating to the Commission the power to make rules and regulations applicable to traffic on the tollways, intended to make an exception to the general application of the overweight provisions of vehicles "upon the highways of this State." The very section that delegates such power to the Commission (chap. 121, par. 314a33) provides that the Commission shall have the power "to prescribe further rules and regulations applicable to such traffic, concerning matters not provided for either in the foregoing enumeration or in 'An Act in relation to the regulation of

traffic,' approved July 9, 1935, as heretofore or hereafter amended." This shows that the legislature intended that the provisions of the Uniform Act Regulating Traffic on Highways should apply to traffic on the tollways.

This brings us to a consideration of the constitutional objections raised by the defendant. While the motion to quash alleged that sections 132.02, 133, 134 and 135 (chap. 95½, pars. 229b, 230, 231 and 232) are unconstitutional and the trial court quashed the indictment for the reasons stated in said motion, defendant has not argued the constitutionality of these sections on appeal. In addition, he is not affected by these sections which deal with suspension of commercial vehicle operator's privilege, permits for excess size and weight, when the department or local authority may restrict the right to use highways, and liability if highways or structures are damaged. The validity of a statutory provision can be raised only by one who is directly affected by it. *People* v. *Reiner*, 6 Ill.2d 337.

The constitutional attack on section 131 (par. 228), which fixes weight limitations on vehicles using the highways of this State, is that it deprives the defendant of due process of law. The power to regulate the weight of vehicles on the highways within the police power of the State and the weight limitations to be imposed are manifestly a subject within the broad range of legislative discretion. (*Sproles* v. *Binford,* 286 U.S. 374, 76 L. ed. 1167, 52 S. Ct. 581; *People* v. *Linde,* 341 Ill. 269.) There is nothing in the record to show that the weight limitations prescribed in section 131 are unreasonable.

Defendant argues that section 132 (par. 229) is unconstitutional because it authorizes an unreasonable search and seizure and it compels a person to give incriminating evidence against himself. Section 132, insofar as here pertinent, provides that "Any police officer having reason to believe that the weight of a vehicle and load is unlawful shall require the driver to stop and submit to a weighing of the

same either by means of a portable or stationary scales." The section further provides that it is a misdemeanor to fail or refuse to be weighed when so ordered.

A provision authorizing reasonable investigation as a necessary means of implementing and effectuating a valid statute does not violate section 6 of article II of the Illinois constitution, relating to unlawful searches and seizures, or the fourteenth amendment to the Federal constitution. (*Vissering Merchantile Co.* v. *Annunzio,* 1 Ill.2d 108.) When a vehicle is driven onto the public highways of the State, its weight becomes a matter of public interest and, as we have mentioned, subject to regulation by the State. The investigation authorized by section 132 is limited to relevant inquiry as to the weight of the vehicle, it is essential to effectuate section 131, and it is therefore reasonable. See *Oklahoma Press Publishing Co.* v. *Walling,* 327 U.S. 186, 90 L. ed. 614, 66 S. Ct. 494; *Vissering Mercantile Co.* v. *Annunzio,* 1 Ill.2d 108.

Nor can we agree that the section deprives a person of his privilege against self-incrimination. In addition to falling within the ambit of cases holding that the privilege is not in conflict with requirements for providing information in aid of valid regulatory controls over activities affected with a public interest, (see *e.g., Shapiro* v. *United States,* 335 U.S. 1, 92 L. ed. 1787, 68 S. Ct. 1375; *Hagen* v. *Porter,* (9th cir.) 156 F. 2d 362; *Rodgers* v. *United States,* (6th cir.) 138 F.2d 992) the weighing of a vehicle is not testimonial compulsion but is a type of compelled conduct to which the privilege does not extend. See *Holt* v. *United States,* 218 U.S. 245, 54 L. ed. 1021, 31 S. Ct. 2, (accused compelled to wear blouse); *People* v. *Curran,* 286 Ill. 302, (accused required to stand so witness may identify him); see also 8 Wigmore on Evidence, 3rd ed., sec. 2265, and McCormick on Evidence, sec. 126, for other illustrations of compelled conduct to which the privilege does not extend.

It is also alleged that section 132 provides for a penalty

not expressed in the title of the act. Since the weighing of vehicles is germane to the regulation of traffic and a penalty is logically necessary in regulation, the section does not violate section 13 of article IV of our constitution. *Italia America Shipping Corp.* v. *Nelson,* 323 Ill. 427.

Section 132.01 (par. 229a) is attacked as fixing penalties which are excessive, unreasonable and confiscatory. Section 11 of article II of our constitution requires that "All penalties shall be proportioned to the nature of the offense." It has been held that the nature, character and extent of penalties are matters almost wholly legislative, and the courts have jurisdiction to interfere with legislation upon the subject only where the penalty shocks the conscience of reasonable men (*People* v. *Landers,* 329 Ill. 453,) or shocks the moral sense of the community. (*People* v. *Callicott,* 322 Ill. 390.) Measured by this standard section 132.01 does not violate section 11 of article II of the constitution.

The judgment of the criminal court of Cook County is accordingly reversed and the cause remanded for further proceedings.

*Reversed and remanded.*