People of the State of Illinois, Appellant, v. Robert E. Lafin and Palumbo Excavating Co., Appellees.

Gen. No. 50,338.

First District, First Division.

May 24, 1965.

William G. Clark, Attorney General, of Springfield (Daniel P. Ward, State's Attorney of Cook County, Fred G. Leach and George Kenney, Assistant Attorneys General, Elmer C. Kissane and James R. Thompson, Assistant State's Attorneys, of counsel), for appellant.

No brief filed for appellees.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

Robert E. Lafin, a truck driver, and the Palumbo Excavating Co., the owner of the vehicle in question and Lafin's employer, were indicted for operating a motor vehicle which weighed 14,200 pounds in excess of the maximum of 72,000 pounds permitted by Section 131 of the Uniform Act Regulating Traffic on Highways (Ill Rev Stats 1961, c 95½, § 228). After the defendants made bail, Lafin forfeited his bond and was not apprehended subsequently; the cause proceeded to

trial as to Palumbo. Before trial, the defendant moved to suppress certain evidence concerning the weight of the truck on the grounds that it was obtained by an unlawful search in violation of the Illinois and Federal constitutions. This appeal was originally taken directly to the Supreme Court but was subsequently transferred to this court. The appeal is brought by the State under Supreme Court Rule 27(4) (SHA c 110, § 101.27(4)) from an order of the Criminal Court granting the defendant's motion to suppress. No brief has been filed by the defendant.

The following evidence was elicited at the hearing on the motion to suppress. Officer Robert Teyema, a state trooper, testified that on November 8, 1962, he stopped the defendant's truck at approximately 130th Street and Ashland Avenue. He said that he observed that the truck was carrying wet clay which was "high up over the sides of the truck." Although he said that he had made four or five other arrests for alleged overweight, he testified that he had never stopped a vehicle which was hauling clay and that before he stopped the defendant's truck he was not familiar either with its size and empty weight or with the maximum load which it could carry. The officer stated that he directed the driver, Lafin, to a weighing station and that after the vehicle had been weighed he arrested the driver. At the trial the State asked Officer Teyema to state his reason for stopping the vehicle; his answer that "the truck appeared to be overweight" was stricken on the defendant's objection. Another state trooper, Officer Helsel, testified that he was present when Officer Teyema stopped the vehicle and that during his fourteen years of service as a state policeman he had been involved in over two hundred overweight violation matters. When he was asked by the State if he had any opinion whether the vehicle was

490

overweight at the time it was stopped, the defendant objected and the objection was sustained.

After considering the evidence and the argument of the parties on the motion to suppress, the trial judge sustained the motion on the grounds that the act of stopping the vehicle constituted an unlawful arrest because the police did not have probable cause to believe that a crime was committed in their presence at the time they stopped the truck for initial investigation and that this act violated the constitutional protection against unlawful search and seizure.

We believe that the motion to suppress should have been denied. Section 132 of the Uniform Act Regulating Traffic on Highways provides, in relevant part, that:

> Any police officer having reason to believe that the weight of a vehicle and load is unlawful shall require the driver to stop and submit to a weighing of the same. . . . (Ill Rev Stats 1961, c 95½, § 229.)

The Illinois Supreme Court, in People v. Munziato, 24 Ill2d 432, 182 NE2d 199, ruled that the acts authorized by this section do not violate the constitutional protection against unlawful search and seizure. The Court said:

> A provision authorizing reasonable investigation as a necessary means of implementing and effectuating a valid statute does not violate section 6 of article II of the Illinois constitution, relating to unlawful searches and seizures, or the fourteenth amendment to the Federal constitution. (Vissering Mercantile Co. v. Annunzio, 1 Ill2d 108.) When a vehicle is driven onto the public highways of the State, its weight becomes a matter of public interest and, as we have mentioned,

subject to regulation by the State. The investigation authorized by section 132 [of the Uniform Act Regulating Traffic on Highways] is limited to relevant inquiry as to the weight of the vehicle, it is essential to effectuate section 131, and it is therefore reasonable. [Citing cases.] (24 Ill2d at page 436.)

Courts in other jurisdictions have made similar rulings in comparable cases. See Commonwealth v. Abell, 275 Ky 802, 122 SW2d 757 and People v. Fidler, 280 App Div 698, 117 NYS2d 313.

The only other question for determination is whether the officer had that belief which is required by the statute before he was under a duty to stop and weigh the vehicle. From the evidence presented at the hearing we believe that the officer did have reason to believe that the weight of the defendant's truck was unlawful. The officer, who was not without experience in overweight cases, observed the defendant's truck carrying a load of wet clay which was "high up over the sides of the truck." This evidence, standing alone, is sufficient to support a finding that the officer had the required belief.

The order of the Criminal Court is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

MURPHY and KLUCZYNSKI, JJ., concur.