**People of the State of Illinois, Plaintiff-Appellee, v. Robert Hansen, Defendant-Appellant.**

Gen. No. 50,213.

First District, Third Division.

July 29, 1966.

Joseph I. Bulger, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, James Zagel and Kenneth L. Gillis, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Defendant was found guilty of operating a trailer truck 21,980 pounds in excess of the statutory weight limit and was fined $2,198. The points raised are substantially the same, with some minor exceptions, as those in People v. Fair, 61 Ill App2d 360, 210 NE2d 593 (petition for leave to appeal denied 33 Ill2d) and People v. Fraschetti, 73 Ill App2d 449, 220 NE2d 98, in which an opinion was filed by this court on July 28, 1966. As in those cases, the principal point relied on by defendant is that the State failed to prove defendant guilty beyond a reasonable doubt. It is necessary therefore to state somewhat fully the facts in the instant case.

On September 26, 1960, defendant was operating a five-axle tractor-truck and trailer vehicle in the vicinity of 130th Street and Muskegon Avenue, in the city of Chicago. While in that area he was observed by Sergeants Richard Walsh and Robert Lambert, of the Chicago Police Department. The officers testified that after observing the size of the load, the pulling of the motor and the position of the springs, they had reason to believe the vehicle was overweight. They stopped the defendant and directed him to proceed to a scale located at the Hegewisch Coal & Oil Co., at 13500 Brainard Avenue. The scale had a 20'x10' platform and bore a seal issued by the city of Chicago. The scale was operated by Deputy Weighmasters Walter Pala and Michael Dwaisick. The officers directed defendant to move the vehicle into position, with the steering axle on the scale platform. When the vehicle was in position, the scale registered 8,330 pounds. Defendant then moved the truck up so that the drive wheels, two axles in tandem situated beneath the cab of the tractor-truck, were on the scale platform. The scale indicated that the weight of the tandem drive axles was 39,050 pounds. Under the direction of the officers, defendant then moved the vehicle into such a position that the tandem trailer axles could be weighed. The scale indicated their weight to be 46,600 pounds. The Weighmaster totaled the weights and issued a receipt which indicated that the vehicle weighed 93,980 pounds. This receipt was admitted into evidence over the objection of defense counsel. The scale, as we have said, bore the seal of the Office of the City Sealer of the city of Chicago.

The weight of an individual or an object may be established in many ways—by the observation of experienced witnesses, by circumstantial evidence and expert testimony or by the finding of scientific instruments. The arresting officers were presumably experienced in

judging the weight of vehicles. They observed various unusual characteristics about the vehicle here in question —the pulling noise of the engine, the size of its load and the position of its springs. They concluded from these observations that the vehicle was overweight and they then proceeded to act in accordance with the statute. The excess weight, 21,980 pounds, was approximately thirty percent more than that allowed by statute. This, as we said in People v. Fraschetti, supra, makes the argument with respect to the scale and the method of weighing seem hypercritical and frivolous.

One other point is made by defendant in his Points and Authorities—that the admission in evidence of a weight certificate prepared by the Weighmaster was error and that the Weighmaster should have been presented as a witness and subjected to cross-examination on that point. The weight certificate added nothing to the testimony of the police officers, and no evidence was introduced by defendant controverting the testimony with respect to weight. The Weighmaster was licensed and was empowered to issue and keep records of such certificates, which would appear to fall within the public document exception to the hearsay rule and entitled to admission into evidence on that basis. (Municipal Code of Chicago, §§ 164-1 to 164-19 (1939, with amendments to January 1, 1965)); Wigmore, Evidence, §§ 1631-1632 (3rd Ed, 1940).

In any event this was harmless error, and the other evidence supporting the violation leaves no reasonable doubt as to the weight of the vehicle.

Judgment affirmed.

SULLIVAN, P. J. and DEMPSEY, J., concur.