THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *v.* HARRY COWAN, Appellant.

(Nos. 54919, 54920 cons.;

First District—September 14, 1971.

Ventrella & Witous, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Arthur L. Belkind, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Defendant was found guilty and fined, after a bench trial, for operating an overweight truck and not having proper vehicle license plates in violation of Ill. Rev. Stat. 1969, ch. 95½, pars. 228, 3—832. Defendant appeals and contends that the trial court erred in denying his motion to suppress evidence.

At the hearing of the motion, Fred L. De Paola, the arresting officer, did not testify to any fact which would have constituted probable cause to believe that defendant's truck was overweight, or that any other offense was being committed. At the trial on the merits however, Officer De Paola testified that he observed a red truck being operated by defendant on the Cicero Avenue overpass to the Belt Railroad tracks. De Paola further testified that as the truck passed him its "springs were very depressed." Upon being taken to a weighing station located at 75th and Cicero Avenue, it was determined that the weight on the rear axle of defendant's truck was 7,050 pounds in excess of the maximum weight allowed by statute, that defendant's truck had a gross weight of 32,050 pounds, and that the truck had on it a class H license plate. The use of class H license plates is limited to vehicles having a maximum gross weight of 24,000 pounds.

■■ In *People v. Hansen*, 74 Ill.App.2d 49, this court held that when judging the weight of a vehicle, police officers may take into consideration such factors as the size of the load and the position of the truck's springs. In the case at bar, the arresting officer did testify that he observed the springs of the defendant's truck and that they were very depressed. There was no evidence presented to rebut this statement.

■■ It appears from the record that contrary to the defendant's assertion, the arresting officer did have a basis upon which to formulate a reasonable belief that the truck operated by defendant was overweight. The fact that the evidence which established this basis was elicited at the trial and not at the hearing on the motion to suppress is irrelevant in light of *People v. Braden*, 34 Ill.2d 516.

In that case, the defendant, prior to trial, presented a motion to suppress. That motion was denied. The basis of the motion was that the evidence in question was illegally obtained. On appeal, the Supreme Court found that the lower court erred when it denied the defendant's

motion. The court held however that the error committed was cured by the subsequent testimony which was introduced at the trial. The court stated at 34 Ill.2d 516, 520: "We conclude that since the evidence at the trial established the legality of the arrest and the search in this case, defendant cannot avail himself of any error on the motion to suppress."

In view of the decision of the court in the *Braden* case, and the uncontroverted testimony relating to the depressed position of the truck's springs, it is our opinion that defendant's contention of an unreasonable search and seizure is without merit. We therefore affirm.

Judgment affirmed.

LEIGHTON, P.J., and SCHWARTZ, J., concur.