THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JOHN JOHANSON, Defendant-Appellee.

(No. 60926;

First District (5th Division)—April 25, 1975.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and John F. Brennan, Assistant State's Attorneys, of counsel), for the People.

Jack G. Stein, of Chicago, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff appeals from an order of the circuit court of Cook County granting defendant's motion to suppress the evidence.

Defendant was charged by complaint with the offense of driving an overweight vehicle in violation of section 15—111 of the Illinois Motor Vehicle Code. (Ill. Rev. Stat. 1973, ch. 95½, par. 15—111.) At the hearing on the defendant's motion to suppress, defendant testified that on June 19, 1974, at approximately 9:30 A.M. he was driving a truck on Edens Expressway near Willow Road when he was stopped by a Northbrook police officer, who, after examining his load, instructed defendant to follow him to the nearest weight scale where the rear tandem axles were weighed. The scale showed the rear axles were overweight. Defendant testified further that after loading his truck downtown he pulled out of the pit and some of his load shifted to the rear axle making that axle slightly overloaded, but that the gross weight was legal.

*Robert Wieczorek, for the State.* He is a police officer of the Village of Northbrook. On June 19, 1974, at approximately 9:30 A.M. he observed the defendant driving a tractor-trailer truck northbound on Edens Expressway near Willow Road. The rear tandem axle tires appeared to be deflated and the springs appeared to be bowed. He followed the truck for nearly 1 mile and observed it a little bit more. He then pulled the vehicle over and examined the tires to make sure they were all properly inflated. None of them were flat. He climbed inside the tractor and after examining the load, ordered the defendant to follow him to the nearest scale where the truck could be weighed. The truck was weighed and was overweight. He had followed this procedure in making 701 arrests for trucks being overweight.

At the conclusion of the motion to suppress, the court stated that it felt section 15—112(a) of the Illinois Motor Vehicle Code which allows a police officer to stop and weigh a vehicle which he had reason to believe is overweight was overbroad and gave a police officer too much authority to stop a trucker based upon mere suspicion. The trial court granted defendant's motion to suppress the evidence and recommended that the State appeal.

The State on appeal argues that the trial court erroneously ruled that section 15—112(a) of the Illinois Motor Vehicle Code was unconstitutional. Defendant argues that this court should not adjudicate the constitutionality of the statute, since the court's ruling was merely that the arrest was illegal. An examination of the record does not bear out the defendant's contention. The court in granting the defendant's motion to

suppress the evidence did not in any way dispute or indicate he did not believe the testimony of Police Officer Wieczorek. The trial court stated that the basis for its ruling was that it felt section 15—112(a) of the Illinois Motor Vehicle Code was overbroad and that it gave too much discretion to a police officer to stop a suspected overweight truck. The substance of the ruling was to hold section 15—112(a) constitutional.

Section 15—112(a) of the Illinois Motor Vehicle Code which authorizes the stopping and inspection of overweight trucks (Ill. Rev. Stat. 1973, ch. 95½, par. 15—112(a)) states:

> "Any police officer having reason to believe that the weight of a vehicle and load is unlawful shall require the driver to stop and submit to a weighing of the same either by means of a portable or stationary scales."

■■ In *People v. Munziato,* 24 Ill.2d 432, 182 N.E.2d 199, the Supreme Court considered the constitutionality of section 132 of the Motor Vehicle Code which is identical to the present section 15—112(a). In holding this statute constitutional, the court said:

> "A provision authorizing reasonable investigation as a necessary means of implementing and effectuating a valid statute does not violate section 6 of article II of the Illinois constitution, relating to unlawful searches and seizures, or the fourteenth amendment to the Federal constitution. (*Vissering Merchantile Co. v. Annunzio,* 1 Ill.2d 108.) When a vehicle is driven onto the public highways of the State, its weight becomes a matter of public interest and, as we have mentioned, subject to regulation by the State. The investigation authorized by section 132 is limited to relevant inquiry as to the weight of the vehicle, it is essential to effectuate section 131, and it is therefore reasonable."

See also *People v. Courtright,* 129 Ill.App.2d 244, 263 N.E.2d 144.

■■ Section 15—112(a) of the Motor Vehicle Code, which authorizes a police officer who has reason to believe that the load of a vehicle is unlawful to require the driver to stop and submit to a weighing of the vehicle, is unconstitutional.

■■ Defendant also argues that the trial court's order granting defendant's motion to suppress the evidence should be affirmed by this court since there was no probable cause for defendant's arrest and there was a warrantless administrative search. The action of a police officer who has reason to believe that the weight of a vehicle is unlawful in requiring the driver to stop and submit to a weighing of the vehicle does not constitute an arrest or an unlawful search. *People v. Lafin,* 59 Ill.App.2d 489, 208 N.E.2d 105.

■■ The only question remaining for our determination is whether

Officer Wieczorek had the reasonable belief required by the statute to stop and weigh defendant's vehicle. When judging the weight of a vehicle, a police officer may properly take into consideration such facts as the size of the load and the position of the truck's springs. (*People v. Hansen*, 74 Ill.App.2d 49, 220 N.E.2d 96.) This court has held that a police officer's observation that the truck's springs were very depressed provided a sufficient basis to stop defendant's vehicle under the statute. *People v. Cowan*, 1 Ill.App.3d 601, 274 N.E.2d 683.

■■ In the case at bar, Officer Wieczorek's testimony established that his observation of defendant's truck travelling on Edens Expressway was that the rear tires of the vehicle appeared to be deflated and that the springs were bowed. After following defendant for a short period of time, he pulled defendant's vehicle over. He checked the tires of the vehicle and found them properly inflated. After examining the load, and weighing the vehicle, it was determined that the rear axle of the vehicle was overweight. The officer was not without experience with overweight cases, having been involved in 701 such cases. His testimony was sufficient to support a finding that he had reason to believe that the weight of the vehicle was unlawful. There was no evidence presented to rebut that testimony.

We, therefore, conclude that the defendant's contention of an unreasonable search is without merit.

The order suppressing the evidence is reversed and the cause remanded for further proceedings.

Reversed and remanded.

BARRETT, P. J., and SULLIVAN, J., concur.