THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
JERALD M. SLONSKI, Defendant-Appellee.

First District (1st Division)    No. 61663

Opinion filed July 12, 1976.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

Julius Lucius Echeles and Carolyn Jaffe, both of Chicago, for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Jerald M. Slonski (defendant) was charged with operating an overweight truck in violation of the Illinois Vehicle Code. (Ill. Rev. Stat. 1973, ch. 95½, par. 15—111.) The trial court granted defendant's motion to suppress evidence and ordered him discharged. The People have appealed from the order suppressing evidence. Ill. Rev. Stat. 1975, ch. 110A, par. 604.

In this court, the People contend that the suppression order was erroneous because the police officer who stopped defendant's truck to

determine whether it was overweight acted reasonably and within his statutory authority. The defendant urges that the officer's observation that the truck's rear tires were low was legally insufficient to constitute reason to believe that the weight of the truck was unlawful and therefore the evidence was properly suppressed.

The complaint charged defendant with operating a truck with an overweight of 12,050 pounds on the drive axle. At the hearing on the motion to suppress, Officer Burnett testified that on October 10, 1974, he observed a southbound truck on the Dan Ryan Expressway with "very depressed tires on the rear, [which] looked like they were almost flat * * * [and] that's the reason I stopped the truck." The vehicle was driven by defendant. The officer further testified that he had not seen other vehicles carrying normal weights which had tires as depressed as those on the truck; also that radial tires usually appear "lower" than regular tires but the tires in question were more depressed "than that."

Defendant testified that some of the rear tires were radials and that at the time he was stopped one of these tires was going flat. Defendant's employer testified that possibly half of the eight rear tires were radials.

Officer Burnett was recalled for questioning by the court. The witness reiterated that the reason he had stopped defendant was the "low tires." He further testified that the truck was loaded with "broken, solid concrete."

■■ The sole issue in this appeal is whether the trial court erroneously found that the police officer had exceeded his statutory authority in stopping defendant's truck. The standard of review on appeal from an order deciding a motion to suppress evidence is whether the trial court's disposition was manifestly erroneous. *People v. Williams* (1974), 57 Ill. 2d 239, 246, 311 N.E.2d 681; *People v. Clay* (1973), 55 Ill. 2d 501, 505, 304 N.E.2d 280.

The pertinent statute defines a police officer's authority to stop a suspected overweight truck as follows:

> "Any police officer having reason to believe that the weight of a vehicle and load is unlawful shall require the driver to stop and submit to a weighing of the same either by means of a portable or stationary scales." Ill. Rev. Stat. 1973, ch. 95½, par. 15—112(a).

Illinois courts have applied this statute on a case-by-case basis and no specific fact or combination of facts has been held to be essential to a finding that an officer had "reason to believe" a vehicle was unlawfully overweight. A variety of factors have been relied on by the courts in holding that stops of suspected overweight trucks were lawful. In *People v. Hansen* (1966), 74 Ill. App. 2d 49, 52, 220 N.E.2d 96, the officer's presumed experience in overweight cases, the size of the load, position of the springs, and pulling noise of the engine were "unusual characteristics"

supporting the officer's conclusion that the vehicle was overweight. The nature and positioning of the load and the officer's slight experience with overweight cases were dispositive in *People v. Lafin* (1965), 59 Ill. App. 2d 489, 208 N.E.2d 105. In *People v. Cowan* (1971), 1 Ill. App. 3d 601, 274 N.E.2d 683, the court held that the officer's observation of "very depressed springs" was a sufficient "basis on which to formulate a reasonable belief that the truck operated by defendant was overweight" and to justify the stopping and weighing of defendant's truck. Although the *Cowan* court did not expressly invoke the "reason to believe" language of section 15—112(a) of the Vehicle Code, we conclude that the holding of the court that a "basis on which to formulate a reasonable belief * * * " existed is in substance related to the statutory language and that *Cowan* is authority applicable to the instant appeal.

Under *Cowan* and the foregoing authorities, we conclude from the evidence presented at the suppression hearing that the officer had ample "reason to believe" the truck driven by defendant was unlawfully overweight. The officer testified that the tires appeared "very depressed," more so than on normally weighted vehicles, and to a greater extent than the usually less inflated appearance of radial tires. The previous experience of this officer is necessarily implied from his testimony comparing the condition of the tires on defendant's truck with the normal appearance of properly weighted vehicles using both standard and radial tires. Even without such evidence of an officer's experience in overweight cases, an arresting officer in this situation is "presumably experienced in judging the weight of vehicles." *Hansen*, 74 Ill. App. 2d 49, 51-52.

We cannot equate the authority specifically conferred upon police personnel by this portion of the Vehicle Code with the general authority of an officer to make an arrest without a warrant under circumstances indicating probable cause. It has been held that "probable cause" and "reasonable grounds" have the same substantive meaning. (*People v. Wright* (1974), 56 Ill. 2d 523, 528-29, 309 N.E.2d 537, and cases there cited.) "[R]eason to believe" appears to be a lesser standard than probable cause or reasonable grounds. An essential element of the usual arrest for a criminal violation is restraint of the person being arrested. (*See People v. Colon* (1973), 9 Ill. App. 3d 989, 996, 293 N.E.2d 468, and cases there cited.) In the case before us, the statute first authorizes the officer to require the driver to stop, which is itself not an arrest. (See *Colon*, 9 Ill. App. 3d 989, 996.) The driver is then directed to "submit" to a weighing of the vehicle. This is neither an arrest nor a significant limitation upon the liberty of the driver. As an analogy, less than probable cause is required before a police officer may make a limited stop of an individual for purposes of investigating possible criminal behavior and carrying out a limited weapons search. (*People v. Lee* (1971), 48 Ill. 2d 272, 275-77, 269

N.E.2d 488; *People v. Keith* (1972), 7 Ill. App. 3d 1071, 1073, 289 N.E.2d 103, *leave to appeal denied*, 53 Ill. 2d 604; Ill. Rev. Stat. 1975, ch. 38, par. 107—14.) In our opinion, a less stringent standard of proof should be required in the case at bar than that applicable to a general arrest and ensuing complete search.

■■■ We must underscore the public interest in restricting the use of highways by overweight vehicles. The statutory regulation of overweight trucks is rooted in the police power of the State and in this area the legislature is necessarily clothed with broad discretion. (*People v. Munziato* (1962), 24 Ill. 2d 432, 435, 182 N.E.2d 199.) A vital public interest is served by vehicle weight restrictions. As stated in *Northern Illinois Coal Corp. v. Langmeyer* (1951), 342 Ill. App. 406, 413, 96 N.E.2d 820: "The courts take judicial notice that use of the highways by vehicles of excessive weight and size will result in injury to public property and danger to travelers." Accordingly, the provisions of section 15—112(a) and its predecessor have withstood constitutional attack because the statute is a reasonably limited means, essential to achieving the valid legislative purpose of imposing reasonable weight limitations on vehicles using public highways. See *Munziato; People v. Johanson* (1975), 28 Ill. App. 3d 82, 84, 328 N.E.2d 331.

The order granting defendant's motion to suppress is accordingly reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Order reversed; cause remanded.

BURKE and SIMON, JJ., concur.