THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GERALD R. FRANKS, Defendant-Appellant.

Third District   No. 78-401

Opinion filed June 19, 1979.

Karl Yost, of Morrison, for appellant.

Robert J. Renkes, State's Attorney, of Morrison (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from a judgment of conviction entered by the Circuit Court of Whiteside County after a trial without a jury.

On July 7, 1978, Trooper David Miller of the Illinois State Police set up portable weighing scales along Illinois Route 88 south of the Illinois Route 5 overpass. Signs were placed along the roadway directing southbound truck traffic onto the scales.

The defendant, Gerald R. Franks, heeding the directions of the signs, drove his truck onto the scales which were located on the shoulder of the highway.

Trooper Miller found the Franks truck had a gross weight of 35,740 pounds and issued a traffic ticket for a violation of the Illinois Vehicle Code for operation of a vehicle upon the highways of the State of Illinois when the gross weight transmitted to the road surface through the tandem rear axles was in excess of 32,000 pounds. Franks was tried without a jury, found guilty, and was sentenced to pay a statutory fine.

The sole issue on appeal is whether a police officer must have reason to believe that the weight of a vehicle and load is unlawful before the officer may require a driver to stop and submit to a weighing of the vehicle and load.

At trial Trooper Miller was asked the following questions and gave the following answers:

"Q: Did you follow this truck before it entered the scales?
A: No.
Q: What was he carrying?
A: Rock, I believe.
Q: What reason, if any, did you have to believe that the weight of the truck and load was unlawful?
A: I had no reason at all."

Franks then moved that the complaint against him be dismissed because the proof failed to meet the requirements of the Illinois Motor Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 15—112(a)):

"Any police officer having reason to believe that the weight of a

vehicle and load is unlawful shall require the driver to stop and submit to a weighing of the same either by means of a portable or stationary scales. * * *"

Franks argues that since Trooper Miller had no reason to believe that the weight of the truck and load was unlawful, he had no authority to stop the Franks truck. In support of his argument, Franks has cited several Illinois cases which require that the State prove that the officer who made a stop for overweight had reasons which he can articulate for believing that the vehicle was overweight. (*People v. Slonski* (1976), 40 Ill. App. 3d 319, 352 N.E.2d 292; *People v. Johanson* (1975), 28 Ill. App. 3d 82, 328 N.E.2d 331; *People v. Cowan* (1971), 1 Ill. App. 3d 601, 274 N.E.2d 683; *People v. Hansen* (1966), 74 Ill. App. 2d 49, 220 N.E.2d 96; *People v. Fraschetti* (1966), 73 Ill. App. 2d 449, 220 N.E.2d 98; *People v. Lafin* (1965), 59 Ill. App. 2d 489, 208 N.E.2d 105.) The defendant has also cited a United States Supreme Court opinion (*Delaware v. Prouse* (1979), ___ U.S. ___, 59 L. Ed. 2d 660, 99 S. Ct. 1391, involving the stop of a passenger vehicle.

Each of the cases cited to us involved the random stop of a motor vehicle. None of the cases involved a routine stop of every motor vehicle of the same type and class. The instant case involves the routine stop of all second division vehicles.

If the instant case had involved a random stop we would agree with the defendant that since Trooper Miller had no reason to believe that his truck was overweight he had no authority to stop the truck and require it to submit to weighing. However, we believe that the systematic stopping of every truck is permissible even though an officer has no reason to believe that a particular truck is overweight.

The scales upon which a truck is weighed may be portable or stationary. Portable scales may be set up where convenient to weigh second division vehicles. The Department of Law Enforcement may request that the Department of Transportation, "* * * erect appropriate regulatory signs on any State highway directing second division vehicles to a scale. * * -*" (Ill. Rev. Stat. (1977), ch. 95½, par. 15—112(c).) This is done where stationary scales are located. We do not believe, however, that only the Department of Transportation may erect regulatory signs when portable scales are used. We believe that this would place such a great burden on the use of the portable scales that it would make their use unfeasible.

The defendant, in his reply brief, has attempted to raise a constitutional issue based upon *Delaware v. Prouse*. In the *Prouse* opinion issued by the United States Supreme Court, the court found that there must be "* * * at least articulable and reasonable suspicion * * *" that

the motorist or his vehicle is in violation of the law before a particular vehicle may be randomly stopped. However, nothing in the opinion prohibits the stopping of vehicles as long as the stops are not unreasonably intrusive on the privacy of the motorist and his passengers and do not involve the unconstrained exercise of discretion by the police officer. Nothing in that opinion was meant to be interpreted as prohibiting roadside truck weigh stations. (See *Delaware v. Prouse* (1979), ___ U.S. ___, ___ n.26, 59 L. Ed. 2d 660, 674 n.26, 99 S. Ct. 1391, 1401 n.26.) We find no difference in whether the scales are portable or stationary.

We therefore hold that a police officer need not have a reasonable belief that a particular second division vehicle is overweight before he requires that the vehicle submit to a weighing when he stops all vehicles of that particular type and class and requires that they submit to a weighing.

For the reasons stated above, the judgment of the Circuit Court of Whiteside County is hereby affirmed.

Affirmed.

ALLOY and BARRY, JJ., concur.