**STATE of Iowa, Appellee,**

v.

**Roger Keith SCOTT, Appellant.**

**No. 86–1644.**

Supreme Court of Iowa.

July 22, 1987.

Mark E. Liabo of Tom Riley Law Firm, P.C., Cedar Rapids, for appellant.

Thomas J. Miller, Atty. Gen., and David A. Ferree, Asst. Atty. Gen., for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, LARSON, LAVORATO, and NEUMAN, JJ.

LAVORATO, Justice.

The question here is whether an officer of the Department of Transportation (DOT) had reasonable cause to stop the defendant's garbage truck prior to his arrest for exceeding the legal registered weight in violation of Iowa Code section 321.463(1) (1985). Alleging the stop was a violation of Iowa Code section 321.465 and an unlawful seizure under the fourth amendment of the United States Constitution and article I, section 8 of the Iowa Constitution, the defendant moved to suppress all evidence subsequently obtained. After hearing, the district court overruled the motion to suppress. The defendant was later convicted in a trial to the court on stipulated evidence. On appeal, he contends the court erred in overruling his motion to suppress. We affirm.

On the afternoon of April 18, 1986, Officer Kirk Bailey was on routine patrol in Cedar Rapids. Bailey is a Motor Vehicle Enforcement Officer with the DOT. Officer Bailey was driving to the entrance of a landfill, where he intended to set up a temporary weigh station to weigh vehicles entering the landfill.

While Officer Bailey was several blocks from his destination, he saw the defendant driving toward the landfill in a three-axle Mack garbage truck. Refuse was protruding from the rear of the truck. Officer Bailey testified at the suppression hearing that the truck "appeared to be full." The officer followed the garbage truck to the landfill entrance, where he stopped the truck and approached the driver, Roger Scott.

Scott indicated he did not know the present weight of the truck. Officer Bailey then weighed the truck on portable scales he had in his patrol car. He found the weight on the two rear axles to be 40,700 pounds, or 6700 pounds over the

legal limit. *See* Iowa Code § 321.463(1). Officer Bailey issued Scott a citation and complaint charging him with violation of section 321.463.

Before trial, Scott filed a motion to suppress alleging that

[t]he stop and arrest of Defendant was without a warrant and without probable cause in violation of Iowa Code section 321.465 and Defendant's rights against unreasonable searches and seizures under the 4th Amendment of the United States Constitution and Article I Section 8 of the Constitution of the State of Iowa and any evidence obtained by the State following said stop and arrest, including any observations of the officer, statements made by Defendant, the results of the weighing of Defendant's vehicle, and physical or demonstrative evidence obtained should be suppressed from use at any point in the trial proceedings.

The district court overruled the motion. Thereafter, Scott waived his right to a jury trial and agreed to have his case decided by the court on the minutes of testimony as well as the testimony of Officer Bailey given at the suppression hearing.

The court found Scott guilty of the offense of exceeding legal registered weight in violation of section 321.463(1) and entered judgment and sentence for the schedule fine of $870 plus $130.50 surcharge and court costs.

On appeal, Scott challenges the stop as a violation of section 321.465 and an unlawful seizure under both the United States and Iowa Constitutions. In both instances, he claims the officer did not have reason to believe the truck was overweight.

Preliminarily, we note that the search and seizure clauses of the Iowa and United States Constitutions are substantially identical in language. *Compare* U.S. Const. amend. IV *with* Iowa Const. art. I, § 8. Where state and federal constitutional clauses contain a similar guarantee, we usually deem them to be identical in scope, import, and purpose, *see State v. Roth*, 305 N.W.2d 501, 507 (Iowa), *cert. denied*, 454

U.S. 870, 102 S.Ct. 338, 70 L.Ed.2d 174 (1981) (rule applied to search and seizure provisions of state and federal constitutions), recognizing, however, our right and duty to differ in appropriate cases, *see State v. Olsen*, 293 N.W.2d 216, 219–20 (Iowa), *cert. denied*, 449 U.S. 993, 101 S.Ct. 530, 66 L.Ed.2d 290 (1980). The circumstances presented here convince us that we should give the state constitution the same interpretation as the federal in this case.

Officer Bailey's stop of the defendant's truck was a seizure pursuant to the fourth amendment of the United States Constitution. *Delaware v. Prouse*, 440 U.S. 648, 653, 99 S.Ct. 1391, 1396, 59 L.Ed.2d 660, 667 (1979); *State v. Stevens*, 394 N.W.2d 388, 390 (Iowa 1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 935, 93 L.Ed.2d 986 (1987) ("When a motor vehicle is stopped by a police officer, a seizure of all its occupants occurs because their freedom of movement is equally affected."). The fourth amendment imposes a general reasonableness standard upon all searches and seizures. *Terry v. Ohio*, 392 U.S. 1, 20, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889, 905 (1968). This reasonableness standard is incorporated in Iowa Code section 321.465, which states in part that

[a]ny peace officer *having reason to believe* that the weight of a vehicle and load is unlawful is authorized to require the driver to stop and submit to a weighing . . . .

(Emphasis added.)

Scott contends that Officer Bailey was not justified in stopping him because the officer did not have reason to believe his truck was overweight. He buttresses this contention by pointing to the district court's language that the officer only needed a "mere suspicion" the truck was overweight to justify stopping it. The State counters by arguing the district court appropriately applied the reasonable ground test in concluding the stop was statutorily and constitutionally justified. In the alternative, the State suggests that Iowa Code section 321.476 [1] obviates the need for rea-

---

1. The statute provides in part:

Authority is hereby given to the [DOT] to stop

sonable grounds to stop a motor vehicle for a weight check.

■ To justify a warrantless, investigatory stop, the officer must have reasonable cause to believe a crime may have occurred. *Stevens*, 394 N.W.2d at 391. The test of reasonable cause for an investigatory stop does not depend upon the officer's subjective belief, but whether " 'articulable objective facts were available to the officer to justify the stop.' " *Id.* (quoting *State v. Donnell*, 239 N.W.2d 575, 578 (Iowa 1976)). Mere suspicion, as defendant contends, is not enough. *State v. Cooley*, 229 N.W.2d 755, 760 (Iowa 1975). By the same token, the evidence justifying the stop need not rise to the level of probable cause. *Terry v. Ohio*, 392 U.S. at 22, 88 S.Ct. at 1880, 20 L.Ed.2d at 906–07; *Adams v. Williams*, 407 U.S. 143, 145–46, 92 S.Ct. 1921, 1923, 32 L.Ed.2d 612, 616–17 (1972); *State v. Reese*, 259 N.W.2d 793, 795 (Iowa 1977). Absent proof of "articulable objective facts," the court must suppress evidence seized as a result of the stop. *Stevens*, 394 N.W.2d at 391.

We equate the "having reason to believe" language of section 321.465 with the "reasonable cause" test enunciated in *Terry*. Evidence sufficient to establish one necessarily establishes the other.

■ Although the district court unfortunately used "mere suspicion" language in its findings, our de novo review of the evidence convinces us there were "articulable and objective" facts available to Officer Bailey to justify the stop. Moreover, a careful reading of the district court's ruling also convinces us the district court relied on those facts in concluding the stop was reasonable. Because the officer observed the garbage truck proceeding toward the landfill, he could reasonably believe the driver was going there to empty a load of garbage. The officer noticed refuse in the rear of the truck that indicated to him the truck was filled beyond its capacity. The officer's one-year experience in weight enforcement adds credence to his conclusion, based on his observation of the appearance of the truck, that it was unlawfully overweight. *Cf. People v. Slonski*, 40 Ill.App.3d 319, 321, 352 N.E.2d 292, 294 (1976) (reasonable stop based on tires appearing "very depressed;" officer presumed experienced in judging weight of vehicles); *People v. Lafin*, 59 Ill.App.2d 489, 490, 208 N.E.2d 105, 106 (1965) (reasonable stop based on officer's observation of truck's load of wet clay which was "high up over the sides of the truck"); *State v. Kuno*, 46 Ohio St.2d 203, 205–06, 346 N.E.2d 768, 770 (1976) (reasonable stop based on defendant's bypassing weigh station); *Commonwealth v. Stayton*, 314 Pa.Super. 12, 15, 460 A.2d 349, 350 (1983) (reasonable stop based on officer's training and experience coupled with his observation of truck proceeding up incline at a rate of speed slower than other commercial vehicles); *Commonwealth v. Berry*, 305 Pa.Super. 8, 11, 14, 451 A.2d 4, 5, 7 (1982) (reasonable stop based on officer's experience coupled with his observation that milk truck was full to capacity although truck was moving up the grade at normal speed).

We hold that, under the facts in this case, the stop of the defendant's truck was based on the officer's reasonable belief the truck was unlawfully overweight. The district court correctly overruled the defendant's motion to suppress. Because of our holding, we do not reach the State's alternative argument under section 321.476.

AFFIRMED.

any motor vehicle or trailer on the highways for the purposes of weighing ... and to enforce the provisions of the motor vehicle laws

relating to the ... weight ... of motor vehicles....