THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. EDWARD T. RUTH, Defendant-Appellee.

Third District No. 3—87—0698

Opinion filed June 13, 1988.

Gary L. Spencer, State's Attorney, of Morrison (Nancy Rink Carter, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Alexander L. Haglund, of Sterling, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The defendant, Edward T. Ruth, was charged with operating a motor vehicle which was 5,100 pounds in excess of the maximum amount permitted by the Illinois Vehicle Code. (Ill. Rev. Stat. 1987, ch. 95½, par. 15—111.) The defendant filed a motion to suppress evidence alleging that the police officer was not justified in stopping the defendant to weigh his loaded truck, because the officer had no reason to believe the vehicle was overweight.

At the suppression hearing, Trooper John Clark of the Illinois State Police testified that at 2 a.m. on July 2, 1987, he observed a semitractor combination (the truck) traveling east on Wallace Street in Sterling. The truck was carrying 10 rolls of a steel, wire-like material. The truck stopped at a stop sign and then turned south onto Route 88. As the truck turned, it accelerated slowly and emitted black smoke from its exhaust stack. The trooper heard that the engine was making a large amount of noise and sounded strained. Clark observed that as the truck climbed a hill which led to a bridge overpass, it appeared to be moving slowly.

Clark continued to testify that he followed the truck across the overpass and watched it turn from Route 88 onto First Street in Rock Falls. The trooper stated that the truck never attained a speed greater than 15 or 20 miles per hour. Clark observed that neither the tires nor the springs were depressed. Based on his observations, Clark believed that the truck was over the 73,280 pound weight limit for First Street. Clark stopped the truck and requested that the defendant driver take it to be weighed at portable scales in Rock Falls.

Clark had been an Illinois State trooper since 1985. In 1985, he successfully completed the Illinois State Police Academy training regarding the recognition of proper techniques to weigh overweight vehicles.

Following arguments, the trial court found that a reasonable person would not have believed that the truck was overweight based upon the black exhaust smoke, the groaning engine and the difficulty of acceleration. The court suppressed the weight ticket gathered from the stop. The State appealed.

In reviewing a trial court's decision to suppress evidence, an

appellate court must decide whether the decision of the trial court was manifestly erroneous. (*People v. Williams* (1974), 57 Ill. 2d 239, 311 N.E.2d 681.) In relevant part, section 15—112 of the Illinois Vehicle Code defines a police officer's authority to stop a suspected overweight vehicle as follows:

> "Any police officer having reason to believe that the weight of a vehicle and load is unlawful shall require the driver to stop and submit to a weighing of the same either by means of a portable or stationary scales." Ill. Rev. Stat. 1987, ch. 95½, par. 15—112(a).

The State argues on appeal that the trial judge applied an erroneous standard in suppressing the evidence. The State contends that the judge should not have ruled on whether a reasonable person would have believed from the factors observed that the truck was overweight. Rather, the State urges that the applicable standard is whether a police officer would have had reason to believe that the truck here was overweight.

In *People v. Slonski* (1976), 40 Ill. App. 3d 319, 352 N.E.2d 292, on which the State relies, the appellate court held that the "reason to believe" standard under section 15—112(a) is a lesser standard than probable cause. Probable cause exists for arrest where a reasonable and prudent person having the knowledge possessed by the officer at the time of the arrest would believe that the defendant has committed or is committing the offense. *People v. Wright* (1974), 56 Ill. 2d 523, 309 N.E.2d 537.

■ We agree with the State that the evidence here was erroneously suppressed. However, we disagree that there is any useful distinction between the "reasonable person" standard and the "reason to believe" standard. Consequently, we do not endorse the *Slonski* analysis in which some other jurisdictions have concurred. Instead, we turn to two cases analogous to the case at bar.

In *People v. Hansen* (1966), 74 Ill. App. 2d 49, 220 N.E.2d 96, the officer's experience in overweight cases, the size of the load and the pulling noise of the engine were deemed sufficient to support the officer's conclusion that the vehicle was overweight. In *People v. Lafin* (1965), 59 Ill. App. 2d 489, 208 N.E.2d 105, the nature and positioning of the load and the officer's slight experience were found sufficient to uphold his overweight vehicle observations.

Considering the instant facts in light of *Hansen* and *Lafin*, we conclude that Trooper Clark, under any defined standard of reasonableness, acted with sufficient information to stop the defendant. Clark observed the nature of the load of the truck, the loud, strained

noise of the engine, the black exhaust smoke and the lack of acceleration. Based on his experience and observations, the trooper concluded that the defendant's truck exceeded the weight limit of First Street. We find that given the evidence presented here, the trial court's suppression of the weight ticket was manifestly erroneous.

Accordingly, the judgment of the circuit court of Whiteside County is reversed and this cause is remanded for further proceedings.

Reversed and remanded.

SCOTT and WOMBACHER, JJ., concur.