STATE of Iowa, Appellee,

v.

Paul William GODFREY, Appellant.

No. 91–1691.

Court of Appeals of Iowa.

Aug. 27, 1992.

**174**

Deborah S. Krauth of Newbrough, Johnston, Brewer, Maddux & Nadler, Ames, for appellant.

Bonnie J. Campbell, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., Andrea Jordon, Student Legal Intern, Mary E. Richards, County Atty., and Michael Houchins, Asst. County Atty., for appellee.

Considered by OXBERGER, C.J., and DONIELSON and HABHAB, JJ.

HABHAB, Judge.

### FACTS

Paul Godfrey was charged with operating a motor vehicle while intoxicated (OWI), second offense, open container, and a seat belt violation. Prior to trial, Godfrey filed a motion to suppress, alleging any evidence seized pursuant to a stop of his vehicle should be suppressed because the officer lacked probable cause for issuing a seat belt citation.

At the suppression hearing, Ames police officer Kenneth Kaufman testified that on June 22, 1991, at about 2:30 a.m., he observed Godfrey's vehicle make two legal U-turns on Lincoln Way and then proceed north on Sheldon Avenue. Officer Kaufman indicated at the point where Godfrey turned north on Sheldon Avenue he observed Godfrey was not wearing a shoulder harness. Kaufman claimed he verified this fact after following Godfrey on Sheldon Avenue and upon approaching Godfrey's car once it was stopped.

Talana Gorsuch, a passenger in Godfrey's car, testified Godfrey was wearing his seat belt when the officer approached the vehicle. She also testified Godfrey had not made any U-turns.

Richard Kinyon, a car wholesale buyer, testified he performed an experiment and was unable to correctly determine whether Godfrey was wearing a seat belt until both vehicles were side by side.

The district court denied the motion to suppress, and the case proceeded to a bench trial based upon the minutes of testimony. The district court found Godfrey guilty of OWI and determined it was his second conviction. The court sentenced Godfrey to seven days in jail with credit for time served, a $750 fine, plus a surcharge and court costs. The court dismissed the other counts.

Godfrey appeals, contending the district court erred in denying his motion to suppress. We affirm.

### ANALYSIS

Our scope of review on appeal of the district court's ruling on the motion to suppress evidence is de novo. *State v. Scott,* 409 N.W.2d 465, 468 (Iowa 1987).

Godfrey asserts the district court erred in failing to sustain the defendant's motion to suppress. He contends the State failed to prove the officer had probable cause to stop and ticket him for a seat belt violation. We disagree.

■ "When a stop is challenged on the basis reasonable cause did not exist, the State must show that the stopping officer had 'specific and articulable cause to support a *reasonable belief* that criminal activity *may* have occurred.'" *State v. Lamp,* 322 N.W.2d 48, 51 (Iowa 1982) (quoting *State v. Aschenbrenner,* 289 N.W.2d 618, 619 (Iowa 1980)) (emphasis added). Reasonable cause exists when an officer observes unusual conduct leading the officer to conclude that criminal activity may be afoot. *State v. Donnell,* 239 N.W.2d 575, 577 (Iowa 1976) (citation omitted).

■ Officer Kaufman testified he stopped Godfrey's car because he was not wearing his seat belt. Iowa Code section

321.445(2) requires the driver of a motor vehicle to wear a properly adjusted and fastened safety belt or harness any time the vehicle is in forward motion on a street or highway in Iowa. Iowa Code § 321.-445(2) (1991). The failure to wear a seat belt or harness is a simple misdemeanor. *See* Iowa Code § 321.482 (1991).

Godfrey claims Officer Kaufman could not have reasonably believed he was violating the seat belt law because the officer did not establish Godfrey's car was a model subject to the seat belt and safety harness law. Iowa Code section 321.445(1) only requires 1966 model year or newer motor vehicles subject to registration in Iowa to be equipped with safety belts and safety harnesses. Iowa Code § 321.445(1) (1991). Godfrey was driving a 1989 Oldsmobile Cutlass at the time of his arrest. The record clearly shows Officer Kaufman described Godfrey's car as an "Olds" on the seat belt citation. Talana Gorsuch verified that Godfrey's car had the type of seat belts which go across the chest as well as the lap. Although at the suppression hearing Kaufman could not recall the specific type of car driven by Godfrey because he was missing a page from his copy of the arrest report, he remembered the car was a "typical passenger car—nothing special about it." He also testified his law enforcement experience allowed him to distinguish 1966 model year or older motor vehicles from 1989 Oldsmobiles.

We find Officer Kaufman offered specific and articulable facts to support his belief Godfrey was not wearing a seat belt in violation of Iowa Code section 321.445(2). While Kaufman was close to and facing Godfrey's car at a brightly lit intersection, he noticed Godfrey was not wearing a seat belt. He confirmed his initial observation by looking through the back window of Godfrey's car as he followed the car north on Sheldon Avenue. Finally, after Kaufman stopped Godfrey's car, he again noted, as he walked up to ask Godfrey to produce his driver's license, Godfrey was not wearing a seat belt. These observations, coupled with Kaufman's experience with seat belt violation stops, gave Kaufman reasonable cause to believe Godfrey violated Iowa Code section 321.445(2).

[redacted] Godfrey maintains that because the officer had determined to stop his vehicle for a specific traffic violation, a probable cause standard should be applied rather than a reasonable cause standard. We disagree and find, as discussed above, a reasonable cause standard should be applied in this type of case. However, we note, as did the district court, the State proved probable cause existed to arrest Godfrey for a seat belt violation. Considering the totality of the circumstances, Kaufman's observations coupled with his experience as viewed by a reasonable person would lead that person to believe Godfrey was violating the seat belt law. *See State v. Bumpus,* 459 N.W.2d 619, 624 (Iowa 1990).

We find the district court properly overruled Godfrey's motion to suppress. We hold Godfrey's conviction and sentence should be affirmed. After considering all issues presented, we affirm the district court.

Costs of this appeal are taxed to the appellant.

AFFIRMED.