# IN THE COURT OF APPEALS OF IOWA

No. 14-1975
Filed December 23, 2015

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**STEVEN EUGENE SANDS,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Floyd County, Peter B. Newell, District Associate Judge.

Steven Eugene Sands appeals his conviction and sentence for operating while intoxicated. **CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED.**

Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., Tabor, J. and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SCOTT, Senior Judge.**

Steven Eugene Sands appeals his conviction and sentence for operating while intoxicated (OWI). He contends the district court erred in denying his motion to suppress evidence because his vehicle was unlawfully stopped and detained. He also contends the court erred in sentencing him for second-offense OWI when he was convicted of first-offense OWI.

## I.     BACKGROUND FACTS AND PROCEEDINGS.

On October 21, 2013, Deputy Daniel Sargent of the Floyd County Sheriff's Office was monitoring traffic on Highway 18 when he observed a vehicle traveling at a speed of 30 mph. The deputy watched the vehicle pull onto the shoulder and stop. When it pulled back into traffic a short time later, a truck swerved to avoid hitting it. The vehicle resumed traveling at a speed of 30 mph, and Deputy Sargent activated his emergency lights to initiate a traffic stop.

The deputy informed Sands, the driver of the vehicle, that he had initiated the stop because Sands was traveling at a "very dangerous low rate of speed" and had nearly been hit by a truck. While speaking to Sands, Deputy Sargent observed two open coolers containing cans of beer in the vehicle's backseat and one open can of beer between Sands's feet. The deputy smelled "a strong odor of alcoholic beverage coming from [Sands]" after transporting him to the patrol car. Sands initially denied he had been drinking before admitting he had two beers before leaving home. He also denied having any open containers of beer in his vehicle, though Deputy Sargent discovered six open cans on the floor by the driver's seat after investigating further.

Because a preliminary breath test registered Sands's blood alcohol concentration at .163, Sands was arrested and later charged with OWI. On the night of his arrest, Deputy Sargent also issued Sands a ticket for failure to maintain minimum speed. Three days later, Deputy Sargent ticketed Sands for improper merger.

Sands pled not guilty to the OWI charge and filed a motion to suppress, alleging he was improperly seized in violation of the Fourth Amendment of the United States Constitution and article 1, section 8 of the Iowa Constitution when Deputy Sargent initiated the traffic stop based on his failure to maintain a minimum speed. It was later discovered there is no minimum speed on the portion of highway Sands had been traveling at the time he was stopped. The trial court denied the motion, finding Deputy Sargent had a reasonable belief Sands was impaired in some manner and may have been violating the law. After proceeding to a bench trial on the stipulated facts, the trial court found Sands guilty of first-offense OWI.

## II. SUPPRESSION ISSUE.

Sands first contends the trial court erred in denying his motion to suppress the evidence discovered following what he alleges was an unconstitutional stop of his vehicle. We review this claim de novo. *See State v. Lowe*, 812 N.W.2d 554, 566 (Iowa 2012) ("Our review of constitutional issues is de novo."). Under this standard, we make an independent evaluation of the entire record, including the evidence presented at the suppression hearing. *Id.* "We can uphold the trial court's ruling on any ground apparent in the record, whether urged at trial or ruled on by the trial court." *State v. Howard*, 509 N.W.2d 764, 768 (Iowa 1993).

To be constitutionally permissible, a traffic stop must be supported by probable cause or a reasonable suspicion of a crime. *State v. McIver*, 858 N.W.2d 699, 702 (Iowa 2015). The commission of a traffic offense establishes both probable cause to stop a vehicle and reasonable suspicion to investigate. *Id.* Sands argues he was unlawfully stopped for traveling below the minimum speed when there is no minimum speed on the portion of the highway he was traveling. Although Sands claims we are bound by an officer's true reason for initiating a traffic stop when determining whether the officer had cause to stop a vehicle, our supreme court has held the test for reasonable cause for an investigatory stop does not depend upon the officer's subjective belief but on the existence of articulable objective facts to justify the stop. *State v. Scott*, 409 N.W.2d 465, 467 (Iowa 1987)*.* Therefore, the deputy's mistaken belief that Sands was violating the minimum speed limit is irrelevant; the record shows the deputy had probable cause to ticket Sands for improper merger, thereby justifying the traffic stop. *See* Iowa Code § 321.313 ( 2013) ("No person shall start a vehicle which is stopped, standing, or parked unless and until such movement can be made with reasonable safety."). Accordingly, we affirm the trial court's denial of the motion to suppress.

### III.    SENTENCING.

Sands also contends the trial court abused its discretion in sentencing him for second-offense OWI when he was convicted of first-offense OWI.[1] The State

---

[1] Although Sands was charged with second-offense OWI, it appears the trial court mistakenly failed to mention his prior OWI conviction when setting forth "the elements of this offense" to which Sands was stipulating. In the order entered after the hearing, the court states Sands "is guilty of the offense of Operating While Intoxicated, First Offense,

concedes the sentence is improper. We vacate the sentence for second-offense OWI and remand for resentencing.

**CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED.**

---

a Serious Misdemeanor." At sentencing, Sands's counsel listed his prior convictions, including three convictions for OWI. The court entered judgment and sentence against Sands for second-offense OWI. On the same day, the court entered a nunc pro tunc order, stating its prior order finding Sands guilty of first-offense OWI had been made in error, claiming Sands "stipulated to a prior conviction in the 12 years preceding his arrest," and adjudicating Sands "to be guilty of the offense of Operating While Intoxicated, Second Offense, an Aggravated Misdemeanor, as set out in the State's Trial Information." Using a nunc pro tunc order to find Sands guilty of a higher offense based on the same events violates the Double Jeopardy Clause of the Federal Constitution. *See State v. Naujoks*, 637 N.W.2d 101, 113 (Iowa 2001).